In the Matter of C.D.R., Appellant,

v.

The STATE of Texas, Appellee.

No. 01-91-00142-CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1992.

---

Frank Panzica, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Bob Molder, Asst. Dist. Attys., for appellee.

Before SAM BASS, COHEN and WILSON, JJ.

## OPINION

SAM BASS, Justice.

Appellant, C.D.R., a minor, was adjudged delinquent after pleading guilty to aggra-vated sexual assault. The judge gave appellant a 15–year determinate sentence, whereby appellant was committed to the Texas Youth Commission (TYC) for placement in the sexual offender treatment program until he became 18 years old. One month prior to his eighteenth birthday, a release hearing was held to determine whether appellant would be released on parole or transferred to the Texas Department of Criminal Justice (TDCJ). This appeal is from the trial court's decision at the release hearing to send appellant to the penitentiary to serve the remainder of his determinate sentence.

We affirm.

On January 7, 1985, appellant was charged by original petition with engaging in delinquent conduct by committing aggra-vated sexual assault. He was found to be mentally retarded and committed to the Mental Health and Mental Retardation Authority of Harris County (MHMR).

On May 9, 1989, his petition was re-opened, and he was charged with two counts of aggravated sexual assault, aggravated assault, and aggravated robbery. These offenses allegedly were committed while appellant was out of MHMR on a weekend pass. On September 28, 1989, the re-opened petition was amended, so that it charged appellant with one count of aggra-vated sexual assault only. Appellant stipu-lated and judicially confessed to the aggra-vated sexual assault. He also stipulated to his understanding that the State would rec-ommend 15–years confinement in TYC. On October 2, 1989, appellant was adjudged to have engaged in delinquent conduct, given a 15–year determinate sentence, and com-mitted to TYC for placement in the sexual offender treatment program.

During his 13–month stay in TYC, appel-lant was never placed in the sexual offend-er treatment program. He was not admit-ted to the program for two reasons. First, there was a lengthy waiting list for admis-sion. Appellant was placed on the list, but he was unable to obtain a position in the program before he turned 18. Second, ap-

pellant did not have the cognitive skills necessary to generate participation.

A release hearing was held on November 1, 1990, one month prior to appellant's eighteenth birthday. At the hearing, appellant's counsel made a motion for a competency hearing to determine if appellant was fit to proceed. The motion was denied. The judge found that appellant was still in need of rehabilitation, and that it was in appellant's and the public's best interests for appellant to be transferred to TDCJ to serve the remainder of his 15–year sentence.

In appellant's first point of error, he contends that the trial court erred in finding that appellant engaged in delinquent conduct and subsequently transferring him to TDCJ without conducting a hearing to determine the fitness of appellant to stand trial pursuant to TEX.FAM. CODE ANN. § 55.04 (Vernon 1986).

Appellant's complaint comes too late. The trial judge found appellant delinquent on October 2, 1989. Appellant had 30 to 90 days to appeal the court's decision. TEX. R.APP.P. 41(a). Notice of appeal was filed on December 3, 1990. Thus, the deadline to appeal this issue has passed.

Appellant's first point of error is overruled.

■ In his second point of error, appellant asserts that the trial court erred by not filing findings of fact or conclusions of law after he gave timely request. On November 12, 1990, appellant requested findings of fact and conclusions of law for the judgment rendered on November 1, 1990. He filed notice of past due findings of fact and conclusions of law on December 12, 1990. The court never responded to the requests.

The juvenile court is not required to file separate findings of fact or conclusions of law in a waiver of jurisdiction and transfer to criminal court proceeding. *Casiano v. State*, 687 S.W.2d 447, 449 (Tex.App.— Houston [14th Dist.] 1985, no writ). It is not reversible error as a matter of law for the trial court to completely fail to file findings of fact and conclusions of law.

*Fraser v. Goldberg*, 552 S.W.2d 592, 593 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). Appellant has suffered no harm if the omission of the trial judge to file his findings and conclusions does not prevent a proper presentation of the issues on appeal. *Id.*

The order issued on November 1, 1990, was composed of findings. The court found that the release hearing was being conducted more than 30 days prior to appellant's eighteenth birthday; that appellant had served 13 months of a 15–year sentence; that appellant was still in need of rehabilitation; and that appellant's transfer to TDCJ was in the best interest of appellant and the public. This order complies with all requirements for making a determination at a release hearing. TEX.FAM. CODE ANN. § 54.11 (Vernon Supp.1992). Furthermore, a complete record of the release hearing is before this court. The record indicates that appellant's performance at TYC was negative and that he was aggressive and had conduct problems. This evidence is undisputed.

Appellant asserts that he is unable to raise a claim of factual or legal insufficiency of the evidence because of the trial court's failure to file the findings of fact and conclusions of law. Appellant is not prevented from making a proper presentation of his case, however. The findings contained within the order and the record from the hearing support the judgment. Thus, the failure to file findings of fact and conclusions of law is harmless and does not require reversal. TEX.R.APP.P. 81(b)(1).

Appellant's second point of error is overruled.

■ In appellant's third point of error, he argues that the trial court erred in admitting into evidence State's exhibit number one, which is a report of the assistant superintendent of the TYC. He objected at trial to the admission of the exhibit on the grounds that he had not received the report in time to prepare for cross-examination and that the report is hearsay. For the first time on appeal, appellant raises authentication and best evidence objections to the admission of the report; however,

these objections have not been properly preserved for appeal. TEX.R.APP.P. 52(a). Only the hearsay objection has been asserted both at trial and on appeal.

In making his hearsay argument, appellant recognizes that section 54.11(d) of the Family Code provides a statutory exception to the hearsay rule, by allowing the admission of written reports from probation officers, professional court employees, or professional consultants. He claims, however, that the report does not fit into any of the categories of admissible written reports.

There appears to be no authority construing the meaning of "written reports from probation officers, professional court employees, or professional consultants." The same language is used describing what a court may consider at detention hearings, TEX.FAM.CODE ANN. § 54.01(c) (Vernon 1986), transfer to criminal court hearings, TEX.FAM.CODE ANN. § 54.02(e) (Vernon 1986), disposition hearings, TEX.FAM.CODE ANN. § 54.04(b) (Vernon Supp.1992), and modification of disposition hearings, TEX. FAM.CODE ANN. § 54.05(e) (Vernon 1986). The legislature provided for the strict construction of the rules of civil evidence only in adjudication hearings. TEX.FAM.CODE ANN. § 54.03(d) (Vernon 1986).

Although no court has construed the language used in all these statutes, one has addressed the purpose of this provision. The Dallas Court of Appeals considered whether § 54.04(b) permitted the admission of the record of the adjudication hearing. *Matter of A.N.M.*, 542 S.W.2d 916, 921 (Tex.Civ.App.—Dallas 1976, no writ). It determined that the provision was intended to broaden, not constrict, the pool of information upon which the court makes its decision. *Id.* Because the juvenile court judge has the duty to enter a judgment that is in the best interest of the minor and society in general, he must have all the recognized information available to him in order to enable him to discharge this responsibility. *Id.*

The written report in this case contained vital information for the trial court to examine in deciding whether to parole appellant or send him to TDCJ. The report consisted of psychological and psychiatric evaluations, test scores, a behavior summary, a treatment summary, a recommendation regarding release, and a parole plan in case the court opted for parole. This report was made by trained professionals who interacted with appellant in TYC. It is the type of information necessary for the judge to enter a judgment in the best interests of appellant and society. We hold that the report of TYC's assistant superintendent is a report by a professional consultant and a professional court employee, and thus is expressly allowed by section 54.-11(d).

Appellant's third point of error is overruled.

■ In appellant's fourth point of error, he claims that the trial court erred in not returning appellant to TYC for placement in the sex offender treatment program. He asserts that the trial court should have returned appellant to TYC until he becomes 21, at which time the court could reconvene its release hearing and enter appropriate orders, pursuant to section 54.11.

There is no provision in section 54.11 that allows the court to take the action appellant has requested. In fact, the statute specifically prohibits a release hearing for a 21–year–old. "The release hearing on a person who is the subject of a notice of transfer must be held before 30 days before the person's 18th birthday." TEX.FAM. CODE ANN. § 54.11(h) (Vernon Supp.1992).

The trial judge did not abuse his discretion in deciding to send appellant to TDCJ. The record indicates that appellant had conduct problems before he was committed to TYC. He was on a rehabilitative program at the time he committed the aggravated sexual assault for which he was sent to TYC. He had a history of bad conduct during his stay in TYC. The youth commission and the prosecutor recommended that appellant be transferred to TDCJ. Further, appellant's mother testified that appellant should not be placed on parole and returned to her home.

In making a determination under this section, the court may consider the expe-

riences and character of the person before and after commitment to the youth commission, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, and protection of the victim of the offense or any member of the victim's family, the recommendations of the youth commission and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

TEX.FAM. CODE ANN. § 54.11(j) (Vernon Supp.1992). Based on the statutory guideline and the record before this court, it is apparent that the trial court did not abuse its discretion in transferring appellant to TDCJ.

The fourth point of error is overruled.

The judgment is affirmed.