**In the Matter of T.C.K., JR.**

**No. 09–93–037 CV.**

Court of Appeals of Texas, Beaumont.

June 9, 1994.

Jimmie P. Price, Price & Price, Conroe, Terry Charles Keller, Jr., Midway, for appellant.

Frank Bass, County Atty., Cecilia Gutierrez, Asst. County Atty., Conroe, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal comes to us from the 284th District Court in and for Montgomery County, Texas, sitting as a Juvenile Court, the Honorable Olen Underwood, Judge presiding.

On July 16, 1990, T.C.K., Jr., along with his attorney, Jimmy Price, waived Grand Jury Approval of the State's Petition alleging delinquent conduct, signed a stipulation of evidence, and pleaded true to allegations claimed in the State's Petition. The trial court found those allegations to be true and that T.C.K., Jr., was a child engaged in delinquent conduct. The trial court signed its adjudication order on July 16, 1990, and then held a disposition hearing. At the disposition hearing Judge Underwood committed T.C.K., Jr., to the Texas Youth Commission for a term of thirty (30) years, "to be served ... until said child is 17½ years of age and then returned to this Court for a hearing to determine whether the child shall be released under the supervision of the Texas Youth Commission or transferred to the Texas Department of Corrections."[1] No appeal was taken from either the adjudication proceeding or the disposition proceeding as provided by Chapter 56 of the Texas Family Code.

On January 20, 1993, the trial court held a release hearing in this matter thirty days before the eighteenth birthday of T.C.K., Jr. On this date, the trial court entered dispositional orders transferring T.C.K., Jr., to the Institutional Division of the Texas Department of Criminal Justice. On February 9, 1993, Mr. Jimmy Price, on behalf of T.C.K., Jr., filed his notice of appeal and motion for new trial as to the release hearing only. Mr. Price, in his brief on behalf of T.C.K., Jr., candidly admits that such appeal is without merit and frivolous. Mr. Price filed this brief on July 22, 1993, with this Ninth Court of Appeals. On October 8, 1993, T.C.K., Jr., filed his pro se brief with this Court setting forth five points of error.

Appellant's first four points of error constitute an out of time attack upon the original adjudication and disposition processes conducted July 16, 1990. TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1986) states that the requirements governing an appeal are as in civil cases generally. TEX.R.APP.P. 41(a)(1) requires the posting of a cost bond, or a pauper's affidavit in lieu thereof, with the appellate court clerk within thirty days after the judgment is signed, or ninety days after judgment is signed if a timely motion for new trial has been filed. The record before us reflects that no attempt was made to appeal either the adjudication order or the disposition order of July 16, 1990. As such, this Court does not have jurisdiction to entertain appellant's points of error one through four as the time to complain of the July 16, 1990 orders has long since past. Points of error one through four are overruled.

In this appeal, we shall consider appellant's point of error five which contends that, "[a]t release hearing held on January 20, 1993 by Honorable Olen Underwood, Judge 284th District Court Montgomery, Texas, did in fact rely on unproven hearsay and not eyewitness accounts, too much time was devoted to Judy A. Hart who did not seem to have all the facts, there were many who could have a much better account but were not called,

---

1. Now the Institutional Division of the Texas Department of Criminal Justice.

there were not enough answers given, WHY?" (sic *et passim*)

On January 20, 1993, the Honorable Olen Underwood, held a release hearing pursuant to TEX.FAM.CODE ANN. § 54.11 (Vernon Supp. 1994). At this hearing, the trial court considered written reports from probation officers, professional court employees and professional consultants as well as the testimony of witnesses offered by both the Montgomery County Prosecutor, Ms. Cecelia Gutierrez, and Mr. Jimmy Price, attorney of record for appellant. Ms. Judy A. Hart was called by the State to testify. Ms. Hart is employed by the Texas Youth Commission as a Social Service Administrator, and was then assigned to the Giddings State School where appellant served approximately three years.

We hold that the trial court's consideration of Ms. Hart's testimony, in addition to written reports from probation officers, professional court employees and professional consultants employed by the State of Texas was proper and not in error as expressly provided in TEX.FAM.CODE ANN. § 54.11(d) (Vernon Supp.1994). Furthermore, by allowing the admission of such evidence, said provision provides a statutory exception to the hearsay rule. *C.D.R. v. State,* 827 S.W.2d 589, 592 (Tex.App.—Houston [1st Dist.] 1992, no pet.). Thus, "unproven hearsay" of which appellant complains, was admissible, and properly considered by the trial court.

Finally appellant's complaint that "too much time was devoted to Judy A. Hart" was a matter strictly within the trial court's discretion. Appellant has shown no evidence whatsoever that Judge Olen Underwood abused this discretion. At this release hearing, appellant was represented by counsel, and through his attorney could have asked any questions he felt necessary.

Appellant's points of error one through four are overruled on jurisdictional grounds and point of error five is overruled as being without merit.

The judgment of the trial court transferring appellant to the Institutional Division of the Texas Department of Criminal Justice is in all things affirmed.

AFFIRMED.