921 S.W.2d 383 (1996)
In the Matter of D.S., a Minor.
No. 13-94-498-CV.
Court of Appeals of Texas, Corpus Christi.
March 28, 1996.
Rehearing Overruled May 23, 1996.
*385 Mark Alexander, McAllen, Rene Correa, Weslaco, for appellant.
Rene Guerra, District Attorney, Theodore C. Hake, Assistant District Attorney, Edinburg, for appellee.
Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

OPINION
SEERDEN, Chief Justice.
This is an appeal from a Juvenile Court order transferring appellant to the custody of the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for the completion of a 30 year sentence previously handed down in a jury trial adjudicating him a delinquent child and setting his punishment under the determinate sentencing provisions of the Texas Family Code.
By eleven points of error, appellant challenges matters which occurred in his adjudication proceedings, the constitutionality of the juvenile determinate sentencing statutes and the use by the court of certain evidence at the release or transfer hearing.

Preliminary Statement
On December 21, 1990, at the age of 14 years, appellant was adjudicated in a jury proceeding in juvenile court of engaging in delinquent conduct, to wit: murder. He was *386 sentenced to commitment to the Texas Youth Commission for 30 years. This commitment was appealed to this Court and the trial court's decision was affirmed. See In the Matter of D.S., a Child, 833 S.W.2d 250 (Tex.App.Corpus Christi 1992, writ denied).

Matters in Common with Prior Appeal
The matters raised in each of points one through six were raised, argued and ruled on in the appeal of the adjudication. In the Matter of D.S., 833 S.W.2d 250. Each is a question of law. When a question of law is decided in an appeal to the court of last resort, the decision will govern the case throughout its subsequent proceedings. This is known as the "law of the case" doctrine. Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex.1986). Since these matters have previously been decided in this case, we overrule points one through six.
In points of error seven and eight, appellant complains that the hearing is unconstitutional in that: it allows a person to serve time in the penitentiary or be punished without ever being convicted of an offense; it denies appellant bail; it violates the separation of powers doctrine by delegating the executive branch function of commutation to the judiciary; it denies effective assistance of counsel; it violates double jeopardy by allowing two punishments for the same offense; and, it violates due process because it allows the State to punish appellant for his conduct while in TYC. See generally U.S. Const. amends. V, VI, VIII, XIV; See generally TEX. CONST. art. I, §§ 10, 11, 13, 14, 19; art. II, § 1; art. IV, §§ 11, 11A. These complaints will be addressed in turn. At the outset, we should note an act of the legislature is presumed to be constitutional, and the challenger bears the burden of demonstrating that it is unconstitutional. Texas Public Bldg. Authority v. Mattox, 686 S.W.2d 924, 927 (Tex.1985).
D.S. complains he is being incarcerated without having been convicted of a crime. It is true that adjudication as a delinquent does not constitute conviction of a crime. Tex.Fam.Code Ann. § 51.13(a) (Vernon 1986). This is intended to avoid branding a child a criminal for life and to allow him to retain certain rights that would be lost to an adult offender. Robert O. Dawson, The Third Justice System: The Juvenile-Criminal System of Determinate Sentencing for the Youthful Violent Offender in Texas, 19 St. Mary's L.J. 943, 967 (1988). In essence, a juvenile offender is afforded the important constitutional protections of the adult criminal justice system, but upon his release the juvenile will not have the same legal disabilities as an adult offender would. Under the juvenile system, a child is entitled to counsel, a twelve member jury, and proof of delinquency beyond a reasonable doubt. TEX. FAM.CODE ANN. §§ 51.10, 54.03(c), (f), 54.04(a) (Vernon 1986 & Pamph.1996). While a child is not labelled the same as an adult convicted of a crime, he is nevertheless afforded the basic constitutional protections of an adult. In the Matter of J.G., 905 S.W.2d 676, 681-82 (Tex.App.Texarkana 1995), writ denied per curiam, 916 S.W.2d 949 (1995). It is the process, and not the name given it, which is of the highest importance. We overrule appellant's contention that he is being incarcerated without a conviction.
Appellant claims he is denied the right to bail. Appellant asserts that he is entitled to bail pending the outcome of the release or transfer hearing. A child at the hearing is not being tried again; he is simply being given a second chance to persuade the court that he should not be imprisoned. Up to the point of the release or transfer hearing, appellant's transfer to TDCJ for completion of his sentence has remained only a conditional possibility, with numerous factors affecting the judge's decision. Tex.Fam. Code Ann. § 54.11(k) (Vernon Pamph.1996). Appellant's contention that he is being wrongfully denied the right to bail is without merit.
Appellant contends the act violates the separation of powers doctrine of the Texas Constitution by delegating the executive function of commutation to the judiciary. This argument becomes relevant only if the judge discharges the child from TYC, an option not exercised here. Thus, this complaint has no bearing on appellant's case. *387 Appellant's complaint that the judge might attempt to exercise a power he does not have in another case is not a proper complaint for D.S. to make. In the Matter of J.G., 905 S.W.2d at 682; See Briggs v. State, 789 S.W.2d 918, 923-24 n. 7 (Tex.Crim.App.1990).
Next, appellant complains that the act denies effective assistance of counsel at the release or transfer hearing. Under the act, the trial judge is required to give defense counsel access to all written matter to be considered by the court at least one day before the hearing. Tex.Fam.Code Ann. § 54.11(d) (Vernon Pamph.1996). Appellant concedes that counsel had "all the time" that he needed to review the materials. Once again, it is not proper for appellant to complain of an allegedly unconstitutional hypothetical possibility. See In the Matter of J.G., 905 S.W.2d at 682; See Briggs, 789 S.W.2d at 923-24 n. 7. Appellant was not denied effective assistance of counsel.
Appellant also complains that the act violates double jeopardy by allowing two punishments for the same offense. As discussed earlier, a juvenile is not tried again at the release or transfer hearing. He has already been sentenced to a specific term at the adjudication proceeding. Now he has a second chance to persuade the court that he should not be imprisoned. The act does not allow two chances for the State to convict, but it does allow the juvenile two chances to stay out of prison. Appellant's contention that the act violates double jeopardy is without merit. In the Matter of J.G., 905 S.W.2d at 682.
Appellant's last complaint under points seven and eight is that the act violates due process by allowing the State to punish him for conduct, unrelated to the offense and while in TYC custody. The judge is allowed to consider a number of factors in making his decision at the release or transfer hearing, including, but not limited to, "the experiences and character of the person before and after commitment to the youth commission." TEX. FAM.CODE ANN. Sec. 54.11(k) (Vernon Pamph. 1996). The juvenile has already been sentenced to a specific term of 30 years. The release or transfer hearing, as stated earlier, represents a second chance for the juvenile, a chance for a release from such sentence. Clearly, the juvenile's behavior since commitment is a factor that should be considered in making this decision. The juvenile is being punished for his original conduct which was already adjudged delinquent. Appellant is not being denied due process. In the Matter of J.G., 905 S.W.2d at 683. Points of error seven and eight are overruled.
In points of error nine through eleven, appellant raises various complaints about the admission of certain evidence at the release or transfer hearing. Specifically, appellant raises three complaints. First, that hearsay was admitted; second, that he was denied his right to confront witnesses against him; and third, that his prior record, including unadjudicated offenses, was improperly admitted. These arguments will be addressed individually. Once again, we should note that the release or transfer hearing is a "second chance hearing" after appellant had already been sentenced to a determinate number of years. It is not part of the guilt/innocence determination, consequently it need not meet the extensive due process requirements of an actual trial. See In re J.P.O., a Child, 904 S.W.2d 695, 699 (Tex. App.Corpus Christi 1995, writ denied) (en banc); See also In The Matter of M.I.L., a minor child, 601 S.W.2d 175, 177 (Tex.Civ. App.Corpus Christi 1980, no writ).
Appellant complains generally of evidence contained in State's Exhibits One and Two, which appellant characterizes as the "official records" from TYC, a description very similar to TYC "reports." Family Code section 54.11(d) authorizes the court, at the release or transfer hearing, to consider written reports from various persons, including TYC officials. See C.D.R. v. State, 827 S.W.2d 589, 592 (Tex.App.Houston [1st Dist.] 1992, no writ). It is in this context that we consider appellant's arguments.
Appellant's objection to State's Exhibits One and Two, was "we would object to... any hearsay contained therein ..." Appellant has objected to documents in their entirety, without reference to the specific portions thereof which may be inadmissible. *388 Such an objection does not properly preserve error. Foster v. State, 779 S.W.2d 845, 858 (Tex.Crim.App.1989). Appellant's hearsay complaints are therefore waived. Regardless, as previously mentioned, the Family Code and case law authorize use of TYC reports. Tex.Fam.Code Ann. § 54.11(d) (Vernon Pamph.1996); See C.D.R., 827 S.W.2d at 592.
Next, appellant complains that admission of the report containing the TYC official recommendation, which derives in part from a secret vote by an eight member panel of TYC officials, denies him his right of confrontation. As stated earlier, the Family Code authorizes use of TYC reports. The code also authorizes use, with identical language, of the same type of reports at a hearing for discretionary transfer to criminal court. Tex.Fam.Code Ann. § 54.02(e) (Vernon 1986). Case law in this area is helpful. It has been held that in such proceedings, which are similar to release or transfer hearings in that no determination of guilt is made, admission of such reports does not offend confrontation rights, so long as defense counsel received copies of the reports before the hearing; if there was a doubt as to the genuineness of reports or a need to cross-examine the authors, the attorney should avail himself of the opportunity to raise the issue by calling the authors as witnesses or by otherwise submitting evidence. In the Matter of J.R.C., 551 S.W.2d 748, 751-52 (Tex.Civ.App.Texarkana 1977, writ ref'd n.r.e.). It has even been held that a juvenile has no right of confrontation whatsoever at a discretionary transfer hearing. Alford v. State, 806 S.W.2d 581, 582 (Tex. App.Dallas 1991), aff'd, 866 S.W.2d 619 (Tex.Crim.App.1993); In re G.B.B., 638 S.W.2d 162, 164 (Tex.App.Houston [1st Dist.] 1982, no writ); G.R.L. v. State, 581 S.W.2d 536, 538 (Tex.Civ.App.Dallas 1979, no writ). Appellant's contention that his rights of confrontation have been abridged is overruled.
Lastly appellant complains, much in the same vein, that his prior record found in the TYC report, including unadjudicated offenses, should not have been admitted at the release or transfer hearing. D.S. complains specifically with regard to his prior record: the court made no relevancy finding; the court did no balancing; the information was unreliable; that D.S. had not received adequate warnings that his prior adjudications could be used against him; and, that equal protection is violated because a similar unadjudicated offense could not be used against an adult offender.
Once again, TYC reports are allowable. Appellant's prior record, including unadjudicated offenses, is a logical component of such a report. The statute deems the reports relevant and does not require any specific balancing or finding of reliability. TEX.FAM. CODE ANN. § 54.11(d) (Vernon Pamph.1996).
Appellant apparently complains that when he was previously adjudicated a delinquent because of conduct unrelated to the case at bar, he was not adequately warned of the possible use of such adjudications at a later release or transfer hearing for a subsequent offense. There is nothing in the record to suggest appellant was not adequately warned at the prior adjudications. Regardless, we have difficulty understanding how any such failure is relevant to the present case.
Finally, appellant's equal protection claim must also fail. See U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3. Appellant's argument rests on his assertion that unadjudicated offenses would not be subsequently admissible against an adult offender. Without passing on the question of admissibility in the adult context, we would simply note that an adult offender, if anything, is in a less favorable position; there is no adult equivalent of the second chance hearing. Appellant is hardly in a position to complain of his advantage. Points of error nine through eleven are overruled.
The judgment is affirmed.