Opinion issued April 21, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00699-CV




IN THE MATTER OF L.D.M.




On Appeal from the County Court at Law No. 1
Galveston County, Texas
Trial Court Cause No. 01JV0271
 

 
 
MEMORANDUM OPINION
 
          In November 2002, L.D.M., appellant, entered into a stipulation of evidence and
judicially confessed to the State’s allegations that he engaged in delinquent conduct by
committing two offenses of aggravated robbery. Based upon that stipulation, the trial
court entered a determinate sentence disposition order and assessed punishment at
fifteen years’ confinement in the Texas Youth Commission (“TYC”), with a possible
transfer to the Texas Department of Criminal Justice-Institutional Division (“TDCJ-ID”). In April 2004, pursuant to the TYC’s request, the trial court held a transfer
hearing, and entered an order transferring L.D.M. to the TDCJ-ID. In his sole issue,
L.D.M. contends that the trial court erred in failing to sua sponte declare a mistrial. We
affirm. 
Facts
          During L.D.M.’s seventeen-month incarceration at TYC, L.D.M. committed 160
incidents of misconduct, including some which resulted in referrals to the security unit. 
The TYC placed L.D.M. in “security” on eleven occasions due to assaultive or
extremely disruptive behavior. L.D.M. failed to cooperate with the TYC staff, refused
to participate in academic or correctional therapy, and demonstrated aggression toward
TYC staff members. The TYC further reported that L.D.M.’s “extremely poor”
behavior meets its definition of “chronic disruption.” As a result of L.D.M.’s
performance, the TYC sent a letter to the trial court requesting L.D.M.’s transfer to the
TDCJ-ID. Pursuant to the TYC’s request, the trial court held a two-day transfer
hearing in April 2004. 
          L.D.M’s transfer hearing began on April 26. At the outset, the trial judge asked
L.D.M.’s counsel if she “had at least one day before this hearing to review written
matter in this file.” Trial counsel affirmed that she reviewed the report of Leonard
Cuculo, who serves as the TYC’s court liaison. The State then called Cuculo as its sole
witness. During her cross-examination of Cuculo, L.D.M.’s trial counsel learned of the
existence of over 160 TYC incident reports of L.D.M.’s misconduct while in custody
at TYC. Cuculo stated that he previously sent the master and security files to the court,
along with his written report. The trial court granted L.D.M.’s request for a twenty-four hour period to review all of the documents, as required by statute. See Tex. Fam.
Code Ann. § 54.11(d) (Vernon 2002) (“At least one day before the hearing, the court
shall provide the attorney for the person to be transferred or released under supervision
with access to all written matter to be considered by the court.”). 
          L.D.M.’s trial counsel continued to cross-examine Cuculo. At the conclusion of
her cross-examination, trial counsel passed the witness and stated that she reserved “the
right to review with the witness at the reset after we’ve been able to review the volumes
of reports.” After a brief re-direct examination by the State, the trial court recessed. 
          When the trial reconvened two days later, on April 29, the trial court asked
L.D.M.’s trial counsel if she had reviewed all of the written materials. L.D.M.’s trial
counsel answered in the affirmative. L.D.M. offered four incident reports into
evidence. At the conclusion of the hearing, the trial court entered an order transferring
L.D.M. to the TDCJ-ID. 
 
Discussion
          L.D.M. contends that the trial court erred in failing to declare a mistrial, sua
sponte, when the court learned that his counsel did not review all of the TYC’s incident
reports, in addition to the summary report, before the transfer hearing. Specifically, he
contends that the trial court’s failure to declare a mistrial resulted in the denial of his
due process rights. The State contends that L.D.M waived this issue.
          In order to preserve error on appeal, a party must make a specific objection and
obtain a ruling from the trial court, or object to the trial court’s refusal to rule. Tex. R.
App. P. 33.1. Arguments on appeal must comport with the objection at trial, or the
error is waived. See Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); see
also Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). This is true even
when the complaint is on constitutional grounds. Espinosa v. State, 29 S.W.3d 257,
260 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). 
          On the first day of the transfer hearing, L.D.M.’s trial counsel learned that she
had reviewed only a five-page summary report from the TYC. L.D.M.’s trial counsel
stated that she was unaware that the individual incident reports were part of the court’s
file, and then requested her twenty-four hour period to review the documents. The trial
court granted her request. She continued her cross-examination of Cuculo, the State
re-examined Cuculo, and then the trial court recessed L.D.M.’s transfer hearing. 
          When the transfer hearing reconvened two days later, the following exchange
occurred: 
THE COURT: Ms. Meier, are you ready?
TRIAL COUNSEL: Yes, Your Honor. And let me–as a preliminary
matter, I guess I should give the Court back the volumes of reports. 
 
THE COURT: Okay. For the record, have you had a chance to review all
the Court’s written material, Ms. Meier?
 
TRIAL COUNSEL: Yes, Your Honor, I have.
L.D.M.’s trial counsel conceded in open court that she had an opportunity to review all
of the TYC’s reports. She never objected to the failure to receive them more than
twenty-four hours before the beginning of the hearing, nor did she request a mistrial
on that basis. Moreover, she was given a twenty-four hour period to review the
materials before the second day of the transfer hearing.


 L.D.M. did not object at the
transfer hearing when trial counsel learned that she had not reviewed all 160 of the
TYC reports, nor did she request a mistrial. Instead, she continued her cross-examination. Two days later, when the transfer hearing reconvened, trial counsel
conceded in open court that she had an opportunity to review all of the written
materials. See In re D.S., 921 S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ
dism’d w.o.j.) (rejecting appellant’s ineffective assistance of counsel issue and stating
that on appeal, appellant may not complain about “allegedly unconstitutional
hypothetical possibility” because trial counsel conceded that he had adequate time to
review written materials pursuant to section 54.11(d)). We conclude that L.D.M.
waived his complaint as to the lack of the twenty-four hour period. 
Conclusion
          We hold that L.D.M. failed to properly preserve his issue for appeal. We
therefore affirm the judgment of the trial court. 
          
 
 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.