IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00016-CV

 

In the
matter of L.D.T.

 

 

 



From the 323rd District Court

Tarrant County, Texas

Trial Court No. 323-75226J-03

 



MEMORANDUM  Opinion










 

          L.D.T. was found to have engaged in
delinquent conduct, aggravated robbery, and committed to the Texas Youth
Commission for a determinant sentence of 15 years.  After a release/transfer
hearing, the juvenile court ordered L.D.T. transferred to prison.  L.D.T.
appeals the juvenile court’s transfer order.  We affirm.

          In his first issue, L.D.T. contends
that the trial court erred in admitting State’s exhibits 1-3 because the
records contained in those exhibits violate the Confrontation Clause.  See
U.S. Const. amend VI.  The State
argues that L.D.T. forfeited his complaint because he did not specify which of
the numerous documents contained within each exhibit violated the Confrontation
Clause.  We agree with the State.

          When an exhibit contains both
admissible and inadmissible evidence, the objection must specifically refer to
the challenged material to apprise the trial court of the precise objection. Sonnier
v. State, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995).  The trial court
should never be required to sift through challenged evidenced to segregate
admissible evidence from excludable evidence.  Jones v. State, 843
S.W.2d 487, 492 (Tex. Crim. App. 1992), abrogated on other grounds by
Maxwell v. State, 48 S.W.3d 196 (Tex. Crim. App. 2001).  In those instances
where an exhibit contains both admissible and inadmissible evidence, a trial
court may "safely admit it all or exclude it all, and the losing party, no
matter who he is, will be made to suffer on appeal the consequences of his
insufficiently specific offer or objection."  Id.; cf. In
re D.S., 921 S.W.2d 383, 387-388 (Tex. App.—Corpus Christi 1996, writ
dism’d w.o.j.).

          Each of the three volumes of exhibits
is at least 1½ inches thick.  Some of the documents are only reports that
L.D.T.’s case plan was mailed to his parent.  L.D.T.’s objection was
insufficient to make the court aware of which statements in or portions of the
documents he believed violated the Confrontation Clause.  Thus, his complaint
on appeal is forfeited.  Tex. R. App.
33.1; Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

          In his second issue, L.D.T. contends
that the trial court erred in allowing the Texas Youth Commission’s court
liaison, Leonard Cucolo, to testify based on documents contained in State’s
Exhibits 1-3 because the documents violated the Confrontation Clause.  This
issue is predicated on our resolution that the documents violated the
Confrontation Clause.  We did not make that determination.  Thus, we need not
address L.D.T.’s second issue.

          The juvenile court’s “Order of
Transfer to the Institutional Division of the Texas Department of Criminal
Justice” is affirmed.

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Affirmed

Opinion
delivered and filed February 8, 2006

[CV06]