COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-262-CV

 

 

IN THE MATTER OF S.M.                                                                      

 

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant S.M. appeals from
the trial court=s order
transferring him from the custody of the Texas Youth Commission (TYC) to the
Institutional Division of the Texas Department of Criminal Justice
(IDTDCJ).  In two points, Appellant
asserts that the trial court erred in admitting TYC records, as well as a
report and testimony generated from those records, because the admission of
these records violated his right to confrontation under the Sixth Amendment to
the United States Constitution.  We
affirm.

 








FACTUAL BACKGROUND

On December 21, 2001,
Appellant[1]
entered a negotiated plea of true to engaging in delinquent conduct by
committing the felony offense of manslaughter with a deadly weapon.  The trial court sentenced Appellant to twenty
years= confinement in TYC, subject to a possible transfer to IDTDCJ.  On July 18, 2005, pursuant to TYC=s request, the trial court conducted a transfer hearing and
transferred Appellant from TYC to IDTDCJ. 
See Tex. Fam. Code Ann.
' 54.11 (Vernon Supp. 2006). 
Appellant appeals from the transfer order.

DISCUSSION








The State asserts that
Appellant has waived his right to appeal because, as part of the negotiated
plea agreement, Appellant Aexpressly waive[d] any right of appeal in this case, including any
collateral attack. . . . @  The written plea agreement was signed on
December 21, 2001, when Appellant was initially placed in the custody of
TYC.  Subsequently, TYC requested a
transfer hearing be conducted to determine whether Appellant should be
transferred to the care of the IDTDCJ. 
The trial court held a hearing on the matter on July 14, 2005, and
determined that Appellant should be transferred to the care of  IDTDCJ to serve the remainder of his
sentence.

Appellant now appeals from
the July 14, 2005 hearing, because the trial court admitted reports from TYC
records over his objection.  In the
initial plea agreement, Appellant did not specifically waive his right to
appeal the trial court=s possible
subsequent determination that he should be transferred to IDTDCJ.  Furthermore, he is not attempting to make a
collateral attack on the judgment placing him in the care of TYC, as asserted
by the State.  See Ex parte
Carmona, 185 S.W.3d 492, 496 (Tex. Crim. App. 2006) (noting that Aa collateral attack is >[a]n attack on a judgment entered in a different proceeding.=@).  Accordingly, we determine
that Appellant did not waive his right to appeal in the present case. 

The State also asserts that
Appellant failed to preserve this issue for our review because he made an en
masse trial objection to the three exhibits and the testimony of Leonard
Cucolo, the court liaison for TYC.  On
appeal, Appellant complains that the testimonial statements and reports in TYC
records contained in the State=s Exhibits One and Two violate his rights under the Confrontation
Clause.  He also complains that the trial
court violated his right to confrontation by permitting Cucolo to testify based
solely on the statements and reports in TYC records.








Exhibit Number One, contained
in three volumes of the reporter=s record, is a voluminous collection of information regarding Appellant,
which is both testimonial and nontestimonial in nature.  The trial court need never sort through
challenged evidence in order to segregate the admissible evidence from the
excludable evidence.  Jones v. State,
843 S.W.2d 487, 492 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 1035
(1993).  If evidence is offered and
challenged that contains some of each, the trial court may safely admit it all
or exclude it all, and the losing party will be made to suffer on appeal the
consequences of his insufficiently specific offer or objection.  Id. 
Here, it was not the trial court=s responsibility to sort through this voluminous record to determine
which pages were admissible and which were inadmissible.  See id.  Accordingly, Appellant has failed to preserve
his objections to Exhibit Number One for our review.

Exhibit Number Two contains
156 incident reports.  The incident
reports are forms that are identical, aside from the information that is
completed on the forms.  Unlike Exhibit
Number One, the trial court could conduct a cursory review of Exhibit Number
Two to determine whether the documents contained therein were testimonial in
nature.  Thus, Appellant=s objection was sufficient to preserve error regarding Exhibit Number
Two.








Appellant also complains of
the State=s Exhibit
Number Three, which contains an eight-page report signed by Cucolo, who
prepared the report by summarizing the information contained in TYC files,
Exhibit Numbers One and Two.  Appellant
objected to Exhibit Number Three as a violation of the right of
confrontation.  We disagree with the
State=s assertion that Appellant=s objection to Exhibit Number Three constituted an en masse
trial objection; the summary report was one document that was only eight pages
long.

Appellant argues that the
admission into evidence of Exhibit Number Two, the TYC report, violates his
right of confrontation under Crawford v. Washington because the persons
who gave information described in the report were not present to testify at the
transfer hearing.  See 541 U.S.
36, 124 S. Ct. 1354 (2004).  Appellant
complains of Exhibit Number Three, which contains an eight-page report signed
by Cuculo, because his testimony and recommendation was solely based upon the
testimonial reports in TYC records.  The
records contained numerous incidents of misconduct.[2]








Under Crawford, the
admission of testimonial hearsay violates the Confrontation Clause unless the
declarant is shown to be unavailable to testify and the defendant had a prior
opportunity to cross‑examine the declarant.  Crawford, 541 U.S. at 68, 124 S. Ct.
at 1374.  Appellant relies upon a recent
holding of the Texas Court of Criminal Appeals applying Crawford to the
introduction of prison incident reports and disciplinary reports, and
concluding that the reports violated the Sixth Amendment=s Confrontation Clause.  See
Russeau v. State, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005), cert.
denied, 126 S. Ct. 2982 (2006).








The Confrontation Clause of
the Sixth Amendment explicitly applies to Acriminal prosecutions.@ U.S. Const. amend.
VI.  The reports in question in  Russeau were admitted at the punishment
stage of the defendant=s criminal
trial.  Id. at 880.  Clearly, this was a Acriminal prosecution.@  In comparison, a transfer
hearing under family code section 54.11 is not a stage of a criminal
prosecution for purposes of the Sixth Amendment.  In re D.L., 198 S.W.3d 228, 230 (Tex.
App.CSan Antonio 2006, pet. denied). 
Under Texas law, a transfer hearing is not a trial; a juvenile is
neither being adjudicated nor sentenced. 
Id.; In re J.M.O., 980 S.W.2d 811, 813 (Tex. App.CSan Antonio 1998, pet. denied); In re D.S., 921 S.W.2d 383, 387
(Tex. App.CCorpus
Christi 1996, writ dism=d
w.o.j.).  Rather, the transfer hearing is
a Asecond chance hearing@ after the juvenile has already been sentenced to a determinate number
of years.  In re D.S., 921 S.W.2d
at 387.  Because the juvenile is already
being punished for his original conduct in which he was adjudged delinquent, in
making this Asecond
chance@ determination the trial court should be able to consider the juvenile=s behavior since commitment.  Id.  As such, the hearing does not need to meet
the same stringent due process requirements as a trial in which a person=s guilt is decided.  In re
J.M.O., 980 S.W.2d at 813; In re D.S., 921 S.W.2d at 387; see
also In re T.D.B., No. 10-05-00015-CV, 2006 WL 408417, at *1 (Tex.
App.CWaco Feb. 22, 2006, no pet.) (mem. op.) (holding that a juvenile
challenging TYC records at transfer hearing has no right of
confrontation).  Because a transfer
hearing is not a stage of a criminal prosecution, we hold that Crawford does
not apply.  Accordingly, we overrule
Appellant=s two
points.

CONCLUSION

Having overruled each of
Appellant=s two
points, we affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL F: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

LIVINGSTON, J. filed a concurring opinion in
which DAUPHINOT, J. joined.

DELIVERED:  October 19, 
2006

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-262-CV

 

 

IN THE MATTER OF S.M.                                                                      

                                                                                                        

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                  CONCURRING
OPINION

 

                                              ------------








I join in the majority=s opinion and result but respectfully write this concurring opinion
only to address the conflict I see between the family code provision that
allows the State to introduce written reports from probation officers,
professional court employees, and professional consultants at a juvenile=s transfer hearing, and the Sixth Amendment confrontation clause
rights.  See U.S. Const. amend. VI; Crawford v.
Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004); Tex. Fam. Code Ann. ' 54.11(d) (Vernon Supp. 2006). 
I do not believe section 54.11(d) comports with the Supreme Court=s directives set forth in Crawford regarding a defendant=s Sixth Amendment right of confrontation against prosecution witnesses
or our Court of Criminal Appeal=s opinion in Russeau, which held such incident reports to be
testimonial in nature, thereby requiring a right to cross-examine those
witnesses.  Crawford, 541 U.S. at
36, 124 S. Ct. at 1354; Russeau v. State, 171 S.W.3d 871, 880 (Tex.
Crim. App. 2005 ), cert. denied, 126 S. Ct. 2981 ( 2006).

Section 54.11(d) purports to
allow probation officer reports, incident reports, and the like to come in at a
juvenile transfer hearing without the testimony of the authoring witness,
thereby denying a juvenile=s confrontation right to cross-examine witnesses against him.  Tex.
Fam. Code Ann. '
54.11(d).  While the juvenile is provided
an attorney, along with the right to examine all witnesses against him, and to
present evidence and argument, he is entitled to only one day=s notice or access to any such materials that will be presented
against him.  Id. ' 54.11(d), (e).  I do not see
how this is sufficient to safeguard a juvenile=s right to confront and cross-examine these witnesses in any
meaningful way.








I recognize that juvenile
matters are hybrids; that is, they are generally civil in nature, but they are
also potentially punitive in result and treatment.  See, e.g., Tex. Fam. Code Ann. ' 51.17(a) (Vernon Supp. 2006) (applying rules of civil procedure
generally except for burden of proof), ' 51.17(b) (applying code of criminal procedure to discovery in
juvenile matter), ' 51.17(c)
(applying rules of evidence and code of criminal procedure to juvenile matter);
In re J.B.M., 157 S.W.3d 823, 829 (Tex. App.CFort Worth 2005, no pet.) (Gardner, J., concurring) (noting the
similarity in requirements and rights afforded juveniles under the juvenile
code to those afforded defendants in criminal matters).  The United State Supreme Court has also
recognized that a juvenile is entitled to due process protections.  In re Winship, 397 U.S. 358, 365, 90
S. Ct. 1068, 1073 (1970); In re Gault, 387 U.S. 1, 30, 87 S. Ct. 1428,
1445 (1967).  The Gault court held
that Aconfrontation and sworn testimony by witnesses available for
cross-examination were essential for a finding of >delinquency=
[adjudication] and an order committing [Gault] to a state institution for a
maximum of six years [disposition].@  Gault, 387 U.S. at 56,
87 S. Ct. at 1459.

As the First Court of Appeals
has explained,

The
juvenile is guaranteed the same constitutional rights as an adult in a criminal
proceeding because juvenile-delinquency proceedings seek to deprive the
juvenile of his liberty.  Neither the
Fourteenth Amendment nor the Bill of Rights is for adults alone. 

 

State v. C.J.F., 183 S.W.3d 841, 847 (Tex. App.CHouston [1st Dist.] 2005, pet. denied) (op. on reh=g) (citations omitted).








A transfer hearing determines
whether a juvenile who has received a determinate sentence is released from the
Texas Youth Commission=s custody
and released or transferred into the adult system for the remainder of his
sentence.  Tex. Fam. Code Ann. ' 54.11(i),(j).  Despite this,
another intermediate court has already held that juvenile transfer hearings,
like revocation hearings, are not Acriminal prosecution[s]@ entitling juveniles to Crawford protections.  In re D.L., 198 S.W.3d 228, 230 (Tex.
App.CSan Antonio, 2006, pet. denied). 
However, I am unable to reconcile the potential magnitude of the result
of a transfer hearing with the lack of protection for a juvenile=s right to cross-examine the witnesses who testify against him via
untested written reports.  For this
reason, I respectfully concur.

 

TERRIE LIVINGSTON

JUSTICE

 

DAUPHINOT,
J. joins.

 

DELIVERED:  October 19, 2006











[1]Appellant was born on November 19,
1985.





[2]Section 54.11(d) of the Texas
Family Code provides that at a transfer hearing Athe court may consider written
reports from probation officers, professional court employees, professional
consultants, or employees of the Texas Youth Commission, in addition to the
testimony of witnesses.  At least one day
before the hearing, the court shall provide the attorney for the person to be
transferrred or released under supervision with access to all written matter to
be considered by the court.@  Tex. Fam. Code Ann. ' 54.11(d) (Vernon Supp. 2006).  There is no complaint in the instant case
that Appellant=s attorney was not given timely
access to the complained-of exhibits.