

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00069-CV
_____

IN THE MATTER OF J.H.P., JR., A JUVENILE

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 20JV0017-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On August 14, 2020, a Bowie County juvenile court adjudicated J.H.P., Jr., a juvenile, delinquent[1] based on his commission of four offenses, including deadly conduct by discharging a firearm.[2] After a disposition hearing, the juvenile court committed J.H.P., Jr., to the Texas Juvenile Justice Department (TJJD) for a determinate period of ten years, with the possibility of a transfer to the Texas Department of Criminal Justice (TDCJ).[3] On July 15, 2022, the juvenile court held a transfer hearing and transferred the care, custody, and control of J.H.P., Jr., from the TJJD to the TDCJ for the completion of his sentence.[4] In this appeal from the transfer order, J.H.P., Jr., contends that his waiver of grand jury approval of the State's petition was invalid and that, as a result, the juvenile court lacked jurisdiction to enter a determinate sentence. Because we find that we do not have jurisdiction to consider J.H.P., Jr.'s, sole issue, we affirm the transfer order.

## I.  Procedural Background

On May 4, 2020, the State filed its third amended petition alleging delinquent conduct, maintaining that J.H.P., Jr., had engaged in four counts of delinquent conduct, including one count of violating Section 22.05(b) of the Texas Penal Code by discharging a firearm at or in the direction of an individual. On May 5, 2020, the State filed its fourth amended petition alleging delinquent conduct, which was identical to its third amended petition, except for the stated age of

---

[1]*See* TEX. FAM. CODE ANN. § 54.03(a), (g).

[2]*See* TEX. PENAL CODE ANN. § 22.05(b)(1).

[3]*See* TEX. FAM. CODE ANN. § 54.04(d)(3)(C).

[4]*See* TEX. FAM. CODE ANN. § 54.11(i)(2).

J.H.P, Jr..[5]  On August 14, 2020, J.H.P., Jr., pursuant to a plea agreement, pled true to the charges after waiving (1) his right to a trial by jury, (2) his right to remain silent, (3) his right to confront the State's witnesses and bring witnesses favorable to his defense, (4) his right to two days' notice, and (5) his right to have the grand jury approve the petition.  After the State admitted its evidence without objection, the trial court found that J.H.P., Jr., had waived presentment of the fourth amended petition to the grand jury for approval and found that he had engaged in delinquent conduct on all four counts.

The disposition hearing was also held on August 14, 2020.  At that hearing, the parties announced that there was a plea agreement, and the trial court, in accordance with the plea agreement, committed J.H.P., Jr., to the TJJD for a ten-year, determinate sentence.  The trial court gave J.H.P., Jr., the right to appeal both the adjudication and disposition orders.  J.H.P., Jr., did not appeal those orders.  After a transfer hearing on July 15, 2022, the trial court ordered J.H.P., Jr., to be transferred to the TDCJ to serve the remainder of his ten-year, determinate sentence.

## II.     We Lack Jurisdiction Over J.H.P., Jr.'s, Sole Issue

In his sole issue, J.H.P., Jr., asserts that his waiver of grand jury approval was invalid. The waiver, which was approved by the trial court and was signed by J.H.P., Jr., his mother, and his attorney, provided,

> [J.H.P.,] . . . with . . . his attorney, pursuant to Section 51.09 of the Texas Family
> Code, in writing and in open court, and having been informed of and

---

[5]The State alleged in its third amended petition that J.H.P., Jr., was "a male child as defined in Section 51.02 of the Texas Family Code, who was born on the 25th day of September, 2004[,] and who [was] 12 years of age."  The State alleged in its fourth amended petition that J.H.P., Jr., was "a male child as defined in Section 51.02 of the Texas Family Code, who was born on the 25th day of September, 2004[,] and who [was] 15 years of age."

3

> understanding the child's right to have this matter presented to [the] Grand Jury of Bowie County, Texas, for approval of the Fourth Amended Petition Alleging Delinquent Conduct on file in this matter, and after consulting with his attorney and parent, hereby voluntarily waives the right to have the Grand Jury approve the Third Amended Petition and respectfully requests and consents that the trial court proceed upon the Petition as filed and to accept a Determinate Sentence waiving the requirement of Grand Jury Approval.

Although he acknowledges that the waiver initially referred to the fourth amended petition, J.H.P., Jr., contends that he only waived grand jury approval of the third amended petition. Since he was adjudicated under the fourth amended petition, J.H.P., Jr., argues that, because the waiver was invalid, the trial court lacked jurisdiction to impose a determinate sentence without grand jury approval of the fourth amended petition. Initially, the State contends that, because J.H.P., Jr., did not assert the invalidity of his waiver at the original disposition hearing, on direct appeal from the disposition order, or at the transfer hearing, he has not preserved this issue for appeal.

Generally, at the disposition hearing in a prosecution for delinquent conduct, a trial court may enter a determinate sentence with the possibility of transfer to the TDCJ if the delinquent conduct "included a violation of a penal law listed in Section 53.045(a)[6] and if the petition was approved by the grand jury under Section 53.045." TEX. FAM. CODE ANN. § 54.04(d)(3). However, the execution of a waiver of grand jury approval by the child, his attorney, and one of his parents also allows a trial court to impose a determinate sentence without grand jury approval. *In re L.G.*, No. 2-07-418-CV, 2008 WL 4053024, at *1 (Tex. App.—Fort Worth Aug. 28, 2008, no pet.) (per curiam) (mem. op.); *see* TEX. FAM. CODE ANN. § 51.09.

---

[6]Section 53.045(a) lists a violation of Section 22.05(b) of the Texas Penal Code among the violations for which a determinate sentence may be imposed. TEX. FAM. CODE ANN. § 53.045(a)(9).

4

The Texas Family Code gives the juvenile the right to appeal certain orders entered by the trial court after different stages of the proceeding, including after the adjudication hearing, after the disposition hearing, and after the release or transfer hearing.[7] TEX. FAM. CODE ANN. § 56.01(c)(1)(B), (C), (2). "An appeal from an order of a juvenile court is governed by the same rules as those in civil cases generally." *In re J.G.*, 905 S.W.2d 676, 680 (Tex. App.—Texarkana 1995) *writ denied by* 916 S.W.2d 949 (Tex. 1995) (per curiam) (citing TEX. FAM. CODE ANN. § 56.01(b)).

"We may consider a direct appeal only if it is filed within the timetables set out by the Texas Rules of Appellate Procedure." *In re A.G.F.W.*, No. 06-19-00001-CV, 2019 WL 1050677, at *1 (Tex. App.—Texarkana Mar. 6, 2019, no pet.) (mem. op.) (citing TEX. R. APP. P. 25.1, 26.1). Absent any qualifying post-trial motion, a notice of appeal must be filed within thirty days after the appealable order is signed. TEX. R. APP. P. 26.1(a). We have no jurisdiction to consider an appeal if a notice of appeal is not filed within the time frame set forth in Rule 26.1 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 26.1; *In re A.G.F.W.*, 2019 WL 1050677, at *1.

Because an order adjudicating a juvenile guilty of engaging in delinquent conduct and a disposition order committing the juvenile to the TJJD are appealable orders, we have held that "complaints pertaining to proceedings, such as the grand jury approval process, that occurred before entry of the judgment of adjudication and disposition order are waived" and cannot be

---

[7]Where, as here, a child enters a plea and the trial court makes a disposition in accordance with a plea agreement, the child may not appeal an adjudication or disposition order without the trial court's permission. The record shows that the trial court gave permission to appeal both the adjudication and the disposition orders.

brought in an appeal from an order transferring the person to the penitentiary. *In re J.G.*, 905 S.W.2d at 680. Our sister courts have also recognized that complaints related to the adjudication and disposition hearings may not be brought in an appeal from an order transferring the person to the TDCJ. *See In re D.W.*, 933 S.W.2d 353, 355–56 (Tex. App.—Beaumont 1996, writ denied) (holding that challenge to deadly weapon finding in disposition order cannot be brought in appeal of transfer order); *In re A.G.*, No. 05-94-01887-CV, 1996 WL 14082, at *4 (Tex. App.—Dallas Jan. 10, 1996, writ denied) (finding that complaint that trial court failed to give required admonishments at adjudication hearing could not be brought in appeal from transfer order); *In re T.C.K., Jr.*, 877 S.W.2d 43, 45 (Tex. App.—Beaumont 1994, no writ) (holding that in appeal from transfer order, court of appeals lacked jurisdiction to consider complaints related to adjudication and disposition proceedings); *C.D.R. v. State*, 827 S.W.2d 589, 591 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that challenge to adjudication order finding appellant delinquent could not be brought in appeal from transfer order).

In this case, the trial court entered a finding in its August 14, 2020, adjudication order that J.H.P., Jr., had waived the presentment of the fourth amended petition to the grand jury for approval. It committed J.H.P., Jr., to the TJJD "for a determinate period of **10 years** with a possible transfer to the Texas Department of Criminal Justice Institutional Division" in its disposition order of the same date. As a result, any issue regarding the validity of J.H.P., Jr.'s, waiver of grand jury approval, the trial court's finding that he had waived grand jury approval, or the imposition of a determinate sentence was appealable on August 14, 2020. The record on appeal shows that no notice of appeal was filed until after the entry of the July 15, 2022, order

6

transferring J.H.P., Jr., to the TDCJ.  Because J.H.P., Jr.'s, sole issue relates to the proceedings and findings of the adjudication and disposition hearings and no appeal was perfected from those proceedings, we lack jurisdiction to consider J.H.P., Jr.'s, sole issue.[8]  *See In re T.C.K., Jr.*, 877 S.W.2d at 45.

## III.    Disposition

Since J.H.P., Jr., does not raise any issue relating to the transfer order and we do not have jurisdiction to consider his sole issue, we affirm the trial court's transfer order.

Charles van Cleef
Justice

Date Submitted:        April 19, 2023
Date Decided:          April 26, 2023

---

[8]Although J.H.P., Jr., devotes the majority of his brief to arguing that the trial court lacked jurisdiction to impose a determinate sentence, this argument is premised on his contention that the waiver of grand jury approval was invalid.  He does not assert that the trial court lacked jurisdiction even if the waiver was valid.