**In the Matter of D.L.**

No. 04–05–00316–CV.

Court of Appeals of Texas,
San Antonio.

March 8, 2006.

Patrick Barry Montgomery, San Antonio, for appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

This is an appeal from a juvenile court order transferring D.L., juvenile, from the Texas Youth Commission ("TYC") to the custody of the Institutional Division of the Texas Department of Criminal Justice ("TDCJ").

### BACKGROUND

On February 13, 2002, D.L. was charged with aggravated assault. Pursuant to a plea-bargain agreement, D.L. was given a six-year determinate sentence of confinement at TYC. Three years later, TYC sent a letter to the trial court, recommending that D.L. be transferred from TYC to TDCJ for the remainder of his sentence. At the hearing, D.L., D.L.'s mother, and Leonard Cucolo, TYC court liaison, testified. Over D.L.'s objection, Cucolo testified based on a summary report that had been made available to the trial court and D.L. prior to the hearing. The report consisted of the following: D.L.'s criminal history, a psychological evaluation, an academic assessment, a behavior summary, a treatment summary, and TYC's recommendation. While Cucolo prepared the report itself, the information within the report was compiled and gathered by D.L.'s school psychologist, Sherry Whatley, Ph.D., and D.L.'s caseworker, Sam Adedipe. Neither Whatley nor Adedipe were present at the transfer hearing to testify. D.L. appeals, arguing that his right to due process and his right to confront witnesses were violated.

### STANDARD OF REVIEW

■ A trial court's decision to transfer a juvenile from TYC to TDCJ is reviewed for abuse of discretion. *In re J.M.O.*, 980 S.W.2d 811, 812–13 (Tex.App.-San Antonio 1998, pet. denied). In determining whether the trial court abused its discretion, we must consider the entire record to determine if the trial court acted without reference to guiding rules and principles. *Id.* at 813. If some evidence supports the trial court's decision, the trial court did not abuse its discretion. *Id.*

### RIGHT OF CONFRONTATION

■ In his first issue, D.L. argues that his right to confront witnesses was violated in light of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), because the trial court allowed the TYC report to be admitted in evidence. We disagree.

D.L. concedes that the Family Code allows the admission of such reports in evidence. Indeed, section 54.11 provides that when a juvenile is given a determinate sentence, upon TYC's request to transfer the juvenile to TDCJ, the trial court is required to hold a hearing. TEX. FAM.CODE ANN. § 54.11 (Vernon 2002). At that hear-

ing, section 54.11(d) allows the court to consider TYC reports:

> [T]he court may consider written reports from probation officers, professional court employees, professional consultants, or employees of the Texas Youth Commission, in addition to the testimony of witnesses. At least one day before the hearing, the court shall provide the attorney for the person to be transferred or released under supervision with access to all written matter to be considered by the court.

TEX. FAM.CODE ANN. § 54.11(d) (Vernon 2002); *see also In re J.M.O.*, 980 S.W.2d at 813. At the conclusion of the hearing, the trial court may either order the return of the juvenile to TYC or the transfer of the juvenile to the custody of TDCJ for the completion of his sentence. *Id.*

Although D.L. concedes that the report is admissible under Texas law, he argues that the admission of the report in evidence violates his right of confrontation under *Crawford* because the persons who gave information described in the report were not present to testify at the transfer hearing. Under *Crawford*, the admission of testimonial hearsay violates the Confrontation Clause unless the declarant is shown to be unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 67–68, 124 S.Ct. 1354. In *Diaz v. State*, 172 S.W.3d 668, 669–70 (Tex.App.-San Antonio 2005, no pet.), we held that *Crawford* does not apply to revocation proceedings. *Accord Smart v. State*, 153 S.W.3d 118, 120–21 (Tex.App.-Beaumont 2004, pet. ref'd). In so holding, we explained that the Confrontation Clause of the Sixth Amendment explicitly applies to "criminal prosecutions" and that the United States Supreme Court has held that a revocation proceeding is not a stage of a "criminal prosecution." *Diaz*, 172 S.W.3d

at 671. As such, we concluded that because revocation proceedings are not "criminal prosecutions," *Crawford's* holding under the Sixth Amendment does not apply to them. *Id.* at 671–72.

Similarly, here, a transfer hearing under section 54.11 of the Family Code is not a stage of a criminal prosecution for purposes of the Sixth Amendment. Under Texas law, a transfer hearing is not a trial; a juvenile is neither being adjudicated nor sentenced. *In re J.M.O.*, 980 S.W.2d at 813; *In re D.S.*, 921 S.W.2d 383, 387 (Tex. App.-Corpus Christi 1996, writ dism'd w.o.j.). Rather, the transfer hearing is a "second chance hearing" after the juvenile has already been sentenced to a determinate number of years. *In re D.S.*, 921 S.W.2d at 387. Because the juvenile is already being punished for his original conduct in which he was adjudged delinquent, in making this "second chance" determination, the trial court should be able to consider the juvenile's behavior since commitment. *Id.* As such, the hearing does not need to meet the same stringent due process requirements as a trial in which a person's guilt is decided. *In re J.M.O.*, 980 S.W.2d at 813; *In re D.S.*, 921 S.W.2d at 387.

Because a transfer hearing is not a stage of a criminal prosecution, we hold that *Crawford* does not apply.

## DUE PROCESS

■ In his second issue, D.L. argues that his constitutional right to due process was violated because there was never any written charge or live pleading filed "delineating the specific bad acts of conduct upon which the State sought to imprison him." D.L. contends that "the TYC authorities requested a hearing without any petition, and alleged at the hearing that [D.L.] was generally a bad child while in TYC, providing few specific examples."

Section 54.11(b) of the Texas Family Code provides that upon receipt of referral to transfer from TYC, the court is required to provide notice of the time and place of the hearing to the person to be transferred or released under supervision. TEX. FAM.CODE ANN. § 54.11(b) (Vernon 2002). Although the statute does not specify the manner in which notice is to be provided, it does specify the content—the trial court must notify the juvenile of "*the time* and *place* of the hearing." *Id.* (emphasis added); *see also In re J.L.S.*, 47 S.W.3d 128, 130 (Tex.App.-Waco 2001, no pet.). In addition, section 54.11 requires the trial court to provide the attorney for the person to be transferred "with access to all written matter to be considered by the court." *Id.* § 54.11(d). Section 54.11, however, does not require TYC to file a "petition" or a "live pleading" detailing the "bad acts." *See generally* TEX. FAM.CODE ANN. § 54.11 (Vernon 2002). Instead, the trial court is required to provide access to the transferred individual all written documents to be considered by the court. *Id.* § 54.11(d). Here, the record shows that such information was provided to D.L. and that his counsel was able to review it before the hearing.

D.L. does not argue that section 54.11 of the Family Code was violated; instead, he argues that his constitutional due process rights were violated because the State did not give him written notice "regarding the bad acts or conduct upon which the State sought to remove him from the juvenile rehabilitative TYC and transfer him to the adult punitive TDCJ–ID." D.L. cites no support for this proposition, conceding that he was unable to find any legal support. Instead, D.L. analogizes to a probation revocation hearing. This Court, however, has declined to hold that the same due process applicable in a revocation hearing apply to a transfer hearing under section 54.11 of the Family Code. *See In re*

*J.M.O.*, 980 S.W.2d at 813. As discussed, because a transfer hearing is not a trial, it does not need to meet the same stringent due process requirements as a trial in which a person's guilt is decided. *Id.*

CONCLUSION

Having determined that D.L.'s issues are without merit, we affirm the trial court's order.