# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
**NO. 03-06-00396-CV**
---

**In the Matter of M. M.**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-18,723, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a juvenile court order transferring M.M., a juvenile, from the Texas Youth Commission (TYC) to the custody of the Institutional Division of the Texas Department of Criminal Justice (TDCJ). On appeal, M.M. asserts that the trial court erred in admitting into evidence the State's psychological evaluation in violation of his Fifth Amendment rights. We affirm the trial court's order.

On March 23, 2003, the State filed a petition alleging delinquent conduct by M.M. M.M. pleaded true to the allegation and was found to have engaged in delinquent conduct, to wit, murder. Following a disposition hearing, M.M. received a forty-year determinate sentence, with a three-year minimum, in TYC. On November 18, 2005, by letter to the juvenile court pursuant to Texas Family Code section 54.11, TYC recommended that M.M. be transferred from TYC to TDCJ for the remainder of his sentence. *See* Tex. Fam. Code Ann. § 54.11 (West Supp. 2007).

At the transfer hearing, the trial court heard testimony from Dr. Ann Kelley, a psychologist with TYC who served as the Director of Clinical Treatment for the Giddings State School until she left just prior to the hearing to engage in private practice; Dr. Michael Hilgers, Jacqueline Daiss, and John Etheridge, associate psychologists with TYC at the Giddings State School; and Leonard Cucolo, a TYC representative serving as a liaison to the court.

At the transfer hearing, Dr. Hilgers testified to an evaluation of M.M. that he conducted in July 2005 over several days for the purposes of the transfer hearing. Hilgers testified that he advised M.M. of the purpose of the evaluation and that it might be used at a transfer hearing. Because "the Court relied in part on the psychological evaluation to make its determination on whether to transfer Appellant" to TDCJ, M.M. contends that Dr. Hilgers's psychological evaluation evidence was admitted into evidence in violation of his Fifth Amendment rights.

At the conclusion of the hearing, the trial court ordered that M.M. be transferred to TDCJ for the remainder of his sentence. The trial court identified the factors she considered in her determination. She stated:

> In making this determination, the Court may consider the experiences, and the character of the person before and after commitment to the Texas Youth Commission. I can also consider the nature of the offense that you have committed, and the manner in which it was committed. Even if you had done everything, done all of those reports, your behavior, your actions show a continued pattern of engaging in being dangerous, in not changing. . . . For the protection of society and for the offense you have committed, today I transfer you for the remainder of your sentence to complete it in the Texas Department of Criminal Justice.

This appeal followed.

## DISCUSSION

M.M. challenges the admission of the State's July 2005 psychological evaluation conducted for the purposes of the transfer hearing on the ground that it violated his Fifth Amendment rights against self-incrimination and Article I, Sections 10 and 19 of the Texas Constitution.

### *Standard of Review*

We review a trial court's decision to transfer a juvenile from TYC to TDCJ under an abuse of discretion standard. *In re D.L.*, 198 S.W.3d 228, 229 (Tex. App.—San Antonio 2006, pet. denied). In determining whether the trial court abused its discretion, we must consider the entire record to determine if the trial court acted without reference to guiding rules and principles. *Id*.

### *Transfer Proceedings*

Section 54.11 of the family code provides that when a juvenile is given a determinate sentence, upon TYC's request to transfer the juvenile to TDCJ, the trial court is required to hold a hearing. Tex. Fam. Code Ann. § 54.11. At that hearing, section 54.11(d) allows the court to consider TYC reports as evidence:

> [T]he court may consider written reports from probation officers, professional court employees, professional consultants, or employees of the Texas Youth Commission, in addition to the testimony of witnesses.

*Id.* § 54.11(d). At the conclusion of the hearing, the trial court may either order the return of the juvenile to TYC or the transfer of the juvenile to the custody of TDCJ for the completion of his sentence. *Id*. § 54.11(i).

In making a determination regarding transfer of a juvenile offender to TDCJ, a trial court may consider: (1) the experiences and character of the person before and after commitment to TYC; (2) the nature of the penal offense and the manner in which it was committed; (3) the abilities of the person to contribute to society; (4) the protection of the victim or the victim's family; (5) the recommendations of TYC and the prosecuting attorney; (6) the best interests of the person; and (7) any other factor relevant to the issue to be decided. *Id*. § 54.11(k). Evidence of each factor is not required, and the trial court need not consider every factor in making its decision. *In re J.L.C.*, 160 S.W.3d 312, 313-14 (Tex. App.—Dallas 2005, no pet.); *In re R.G.*, 994 S.W.2d 309, 312 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

### *Admissibility of Psychological Evaluation*

M.M. challenges the admission of the psychological evaluation conducted by Dr. Hilgers because, he contends, it violates his state and federal constitutional rights by compelling him to supply incriminating evidence without being advised of his rights. M.M. complains only of the admission of a single psychological evaluation—the one conducted by Dr. Hilgers in July 2005. Although other evaluations are included with the exhibits, they do not appear to be the subject of M.M.'s challenge. The State responds that M.M. has failed to preserve this point of error and that, in any event, it is without merit.

We first address M.M.'s objections as raised at trial. Prior to Dr. Kelley's testimony, the State sought to introduce into evidence State's Exhibits No. 1 and No. 2A through 2E which had been provided to the defense prior to the hearing. State's Exhibit No. 1 was a letter dated January 9, 2006, from Leonard Cucolo to the trial court enclosing a large volume of

documents—designated State's Exhibits 2A through 2E—containing summary reports of M.M.'s progress, case plans, and psychological evaluations completed during M.M.'s commitment to TYC. The letter stated that the "casework masterfile and security file" had previously been delivered. M.M. generally objected to the introduction of the documents. His counsel lodged the following objection:

> With regard to these documents, there are matters within these documents which constitute hearsay. And also I believe constitute violations of Defendant's right to cross examination of the witnesses. We're going to ask the Court to redact or to ignore those particular sections which are in violation of such, particular pursuant to cross.

In response, the State argued that the law is clear that TYC records and reports are admissible in transfer proceedings. The trial court overruled the objection and the exhibits were admitted. After Dr. Kelley testified to M.M.'s lack of progress and inability to engage in treatment and effect changes in his behavior, Dr. Hilgers testified. Although Dr. Hilgers had various contacts with M.M., he was specifically called to testify about the psychological evaluation he conducted on M.M. over several days in July 2005 in connection with the possibility of transferring M.M. to TDCJ. When Dr. Hilgers testified to his discussion with M.M. about the underlying offense for which M.M. was in TYC, M.M.'s counsel stated:

> Your Honor, with regard to case law involving psychologists and psychiatrists talking to Defendants who aren't in custody, I believe this would fit the parameters of being custodial interrogation. And for that reason we ask the Court to strike any further mention of this interview by this psychologist.

The trial court overruled the objection, and Hilgers continued his testimony. M.M. made no further objection during Hilgers's testimony. On appeal, M.M. does not challenge the exhibits on hearsay grounds, nor does he challenge the admission of Hilgers's testimony as he sought to do in the court below. Rather, he challenges as error, the admission of the evaluation itself.

In order to preserve error for appellate review, there must be a timely and specific trial objection. *See* Tex. R. App. P. 33.1; *DeBlanc v. State*, 799 S.W.2d 701, 718 (Tex. Crim. App. 1990). Moreover, the complaint on appeal must comport with the trial objection, or nothing is presented for review. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

M.M. has failed to preserve error for appellate review. Because the initial hearsay objection to the several hundred pages of documents is too general and insufficient to inform the trial court of the basis of the objection, it fails to preserve any error for review. And because the objection based on custodial interrogation seeks only to strike any further mention of the interview, it does not suffice to preserve the challenge to the admissibility of the evaluation itself. Because M.M.'s objection on appeal does not comport with his objections below, M.M. has failed to preserve anything for our review. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

As the court of criminal appeals explained in *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003),

> To preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.

6

*See also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling."). The complained-of psychological evaluation was admitted at the beginning of the trial prior to the testimony of Dr. Kelley. Except for an objection to the "mention of this interview by this psychologist," M.M. did not otherwise object to it. At no time did M.M. object on the grounds he now raises on appeal.

Even if M.M. preserved an objection to the admission of the evaluation report and to Hilgers's testimony, M.M.'s claim is without merit. A transfer hearing under section 54.11 of the family code is not considered a "stage of a criminal prosecution." Under Texas law, a transfer hearing is not a trial; a juvenile is neither being adjudicated nor sentenced. *In re D.L.*, 198 S.W.3d at 230; *In re J.M.O.*, 980 S.W.2d 811, 813 (Tex. App.—San Antonio 1998, pet. denied); *In re D.S.*, 921 S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ dism'd w.o.j.). The transfer hearing is a "second chance hearing" after the juvenile has already been sentenced to a determinate number of years. *In re D.S.*, 921 S.W.2d at 387. Because the juvenile is already being punished for his original conduct in which he was adjudged delinquent, in making this second chance determination, the legislature has provided that the trial court should be able to consider the juvenile's behavior since commitment, and the transfer statute expressly allows consideration of such reports. *Id*.; *see* Tex. Fam. Code Ann. § 54.11(d) (court may consider written reports from professional consultants and employees of TYC in addition to testimony). Section 54.11(e) specifies the procedures to be employed in the hearing and further provides:

> At the hearing, the person to be transferred or released under supervision is entitled to an attorney, to examine all witnesses against him, to present evidence and oral argument, and to previous examination of all reports on and evaluations and examinations of or relating to him that may be used in the hearing.

Tex. Fam. Code Ann. § 54.11(e). Thus, because a transfer hearing is not a stage of a criminal prosecution, the hearing does not require the same stringent requirements as a trial in which a person's guilt is determined, and the statute expressly provides for the consideration of the evaluation M.M. now challenges, we hold that the trial court did not err in admitting the evaluation. *In re J.M.O.*, 980 S.W.2d at 813; *In re D.S.*, 921 S.W.2d at 387.[1] We overrule M.M.'s single point of error.

## CONCLUSION

Having overruled M.M.'s point of error, we affirm the trial court's order.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:  February 6, 2008

_____

[1] M.M. does not challenge the constitutionality of the relevant statutes.

8