# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00543-CV

In the Matter of T. G.

FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY,
NO. 59,358, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

T.G., a juvenile, was adjudicated delinquent, given a determinate sentence, and remanded to the custody of the Texas Youth Commission (TYC or Commission). This is an appeal from a juvenile court order transferring T.G. from the TYC to the custody of the Institutional Division of the Texas Department of Criminal Justice (TDCJ). With the passage of Senate Bill 103,[1] effective June 8, 2007, which reduced the age of youth who are eligible for confinement at the TYC from twenty-one to nineteen years of age, the question presented is whether the juvenile court retained jurisdiction to hold a transfer hearing for a juvenile's transfer to the TDCJ for confinement if the juvenile (i) had been held pursuant to a determinate sentence felony adjudication, (ii) had not completed a minimum length of stay, and (iii) had not yet reached twenty-one years of age but was nineteen years of age when the statute became effective. In two issues on appeal, T.G. urges that the

_____

[1] Act of May 25, 2007, 80th Leg., R.S., ch. 263, 2007 Tex. Gen. Laws 421 (effective June 8, 2007) (hereafter "SB 103"). Because several provisions of the family code and the human resources code have been amended, we cite to the current version of the statute, unless a particular amendment is relevant to the disposition of this appeal.

juvenile court was without authority to hold a transfer hearing and, upon the effective date of the statute, the Commission had no discretion but to transfer him to the custody of the TDCJ to serve the remainder of his sentence on parole. Because the Texas Family Code provides for the juvenile court to retain jurisdiction over the juvenile for transfer or release "without regard to the age of the person," *see* Tex. Fam. Code Ann. § 51.0411 (West 2002), we hold that the court had jurisdiction and further that it did not abuse its discretion in ordering the transfer of T.G. to the custody of the TDCJ to serve the remainder of his determinate sentence.

## BACKGROUND

In 2005, the State filed an original determinate sentencing petition alleging that T.G. had engaged in delinquent conduct by committing aggravated sexual assault of a child.[2] T.G. pleaded true to the charge, and the juvenile court adjudicated him as being a child who had engaged in delinquent conduct. Following a disposition hearing, the court committed T.G. to the TYC for a twelve-year determinate sentence.[3] *See* Tex. Fam. Code Ann. §§ 53.045(a), 54.04(d)(3) (West Supp. 2007); Act of May 27, 1979, 66th Leg., R.S., ch. 842, 1979 Tex. Gen. Laws 2333, 2390, *amended by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.19, 1997 Tex. Gen. Laws 327, 442 (hereafter "Former HR Code § 61.084") (current version at Tex. Hum. Res. Code Ann. § 61.084 (West Supp. 2007)).

_____

[2] *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2007).

[3] A determinate sentence is one in which the court specifies the term of commitment in the TYC with a possible transfer to the TDCJ. *See generally* Tex. Fam. Code Ann. § 54.04(d)(3) (West Supp. 2007) (allowing the court to specify the term of commitment based on the degree of delinquent conduct).

The parties stipulated to the facts relevant to this appeal. Having been born on May 3, 1988, T.G. turned nineteen years old on May 3, 2007, while still in the custody of the TYC. On July 2, 2007, the TYC requested the court to hold a transfer hearing. On July 10, the State filed a Motion for a Release and Transfer Hearing pursuant to section 61.079 of the Texas Human Resources Code[4] and section 54.11(b) and (d) of the Texas Family Code,[5] and the court granted the motion. At the conclusion of the transfer hearing held in August 2007, the court rendered an order with findings of fact and conclusions of law directing that T.G. be transferred to the TDCJ.

***Findings of Fact and Conclusions of Law***

The court's findings of fact and conclusions of law included the following:

5. that at the time of T.Y.C.'s request for "transfer," juvenile had already reached (19) years of age;

6. that at the time of T.Y.C.'s request on 7-2-07, T.Y.C. could not have previously released the juvenile from its custody without the trial court's approval, because juvenile:

   (a) had not served the minimum (3) year length of stay at T.Y.C. for a Family Code, Sec. 54.04(d)(3) Determinate Sentence commitment, pursuant to Texas Human Resources Code, Sec. 61.081(f)(2);

   (b) nor had juvenile served and discharged his twelve (12) year sentence pursuant to Texas Human Resources Code, Sec. 61.084(b);

---

[4] *See* Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 17, 1987 Tex. Gen. Laws 1891, 1898, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 61, 1995 Tex. Gen. Laws 2517, 2572-73 (hereafter "Former HR Code § 61.079") (current version at Tex. Hum. Res. Code Ann. § 61.079 (West Supp. 2007)).

[5] *See* Tex. Fam. Code Ann. § 54.11(b), (c) (West Supp. 2007).

7.   that Senate Bill No. 103 (an Act) relating to the Texas Youth Commission was passed by both houses, effective immediately on June 8, 2007; [and]

8.   that on the effective date of said act, (June 8, 2007), while in lawful custody, the juvenile had already reached the age of (19) years.

The court concluded that at the time of adjudication and commitment, the court maintained the exclusive, original jurisdiction of T.G. pursuant to sections 51.04(a), 51.0411, and 54.11(a) and (h) of the family code and section 61.079(a) of the human resources code. *See* Tex. Fam. Code Ann. §§ 51.04(a), 51.0411 (West 2002), 54.11(a), (h) (West Supp. 2007); Former HR Code § 61.079(a). The court further concluded that the provisions of SB 103 were prospective in their effect, that the legislature did not intend for SB 103 to have retroactive effect, and that the law in effect when the child was adjudicated continued in effect. With respect to his transfer, the court further found that T.G. should be transferred to the TDCJ to serve the remainder of his twelve-year determinate sentence:

22.   that at the time of this release hearing, [T.G.] had served approximately 21 months of his twelve (12) year sentence at the Texas Youth Commission, which 21 months do not include his 81 days pre-trial detention in the Bell County Juvenile Detention Center, and:

23.   that the Respondent, [T.G.] is still in need of rehabilitation,

24.   that the Juvenile-Respondent [T.G.] is at high risk to re-offend,

25.   that the juvenile's conduct and the welfare and safety of the community at large, as well as the T.Y.C. community, requires transfer, and;

26.   that it is therefore in the best interest of [T.G.] and the welfare of the community at large, that [T.G.] be transferred to the Institutional Division of the Texas Department of Criminal Justice . . . to serve the remainder of his twelve (12) year determinate sentence.

4

## *The Controversy*

SB 103, which was effective on June 8, 2007, reduced the age of youth who are eligible for confinement at the TYC from twenty-one years of age to nineteen. *See* SB 103, 2007 Tex. Gen. Laws at 446-47 (amending human resources code section 61.079), 449 (amending human resources code section 61.084). Because he was already nineteen at the time this change went into effect, T.G. contends that the juvenile court had no authority and was without jurisdiction to hold a transfer hearing and that the court abused its authority in ordering his transfer to the TDCJ for the completion of his determinate sentence. T.G. contends that he was entitled instead to mandatory release on parole.

## DISCUSSION

In two issues, T.G. urges that (i) amendments to section 61.084 of the human resources code in SB 103 lowered the maximum age of confinement and the mandatory parole age from twenty-one to nineteen years of age and that he was entitled to immediate release without a hearing because he was nineteen at the time of the change and (ii) amendments to section 61.079 of the human resources code lowered the maximum age at which the TYC could request that T.G. be transferred from twenty-one to nineteen years of age and, because he was nineteen, the TYC did not have authority to request a transfer and the court lacked authority to hold a hearing or to order a transfer. T.G. does not challenge the original imposition of his determinate sentence.

## *Standard of Review*

A review of the trial court's decision as to whether the court had authority to hold a transfer hearing upon the TYC's request—after the change of law and after T.G. became nineteen years of age—presents a matter of statutory construction, which we review *de novo*.

*City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). When construing a statute, our primary goal is to determine and give effect to the legislature's intent. *Id.* To determine legislative intent, we look to the statute as a whole, as opposed to isolated provisions. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

We review the trial court's decision to transfer a juvenile from the TYC to the TDCJ under an abuse of discretion standard. *In re D.L.*, 198 S.W.3d 228, 229 (Tex. App.—San Antonio 2006, pet. denied). In determining whether the trial court abused its discretion, we must consider the entire record to determine if the trial court acted without reference to guiding rules and principles. *Id.*

### *Juvenile Court Procedure*

During the time a person is committed to the TYC, the Commission may request the court to release the person to supervision or transfer the person to the TDCJ. *See* Tex. Fam. Code Ann. § 54.11(a). Section 54.11 provides that when a juvenile is given a determinate sentence, upon the TYC's request to transfer the juvenile to the TDCJ, the trial court is required to hold a hearing. *Id.* At the conclusion of the hearing, the trial court may either order the return of the juvenile to the TYC or the transfer of the juvenile to the custody of the TDCJ for the completion of his sentence. *Id.* § 54.11(i). If the Commission requests that the person be released to adult parole, the trial court may return the person to the TYC with or without approval to release that person under supervision. *Id.* § 54.11(j). If the Commission requests that a person be transferred to the TDCJ, the trial court

6

may return the person to the TYC or order that he be transferred to the TDCJ. *Id.* § 54.11(i).[6]  A

child committed to the TYC on a determinate sentence must remain at the TYC for a

minimum period of time before release or transfer.  *See* Tex. Hum. Res. Code Ann. § 61.081

(West Supp. 2007); Former HR Code § 61.084.  The minimum length of stay depends upon the

seriousness of the offense for which the child was committed.  *See* Tex. Hum. Res. Code

Ann. § 61.081.

For those who were committed to the Commission under a determinate sentence, as

T.G. was here, transfer was automatic on the person's twenty-first birthday—now his nineteenth

birthday with the amendment—if the person had not already been discharged or transferred.  *See*

SB 103, 2007 Tex. Gen. Laws at 449 (amending human resources code to provide for automatic

transfer at age nineteen instead of twenty-one).

### The Statutes

This appeal concerns the interplay primarily between the amendments to two statutory

provisions—sections 61.079 and 61.084 of the Texas Human Resources Code—by the enactment

of SB 103, "an act relating to the Texas Youth Commission and the prosecution of certain offenses

and delinquent conduct in the Texas Youth Commission and certain other criminal agencies," which

---

[6] In making a determination regarding transfer of a juvenile offender to the TDCJ, a trial court may consider:  (1) the experiences and character of the person before and after commitment to the TYC; (2) the nature of the penal offense and the manner in which it was committed; (3) the abilities of the person to contribute to society; (4) the protection of the victim or the victim's family; (5) the recommendations of the TYC and the prosecuting attorney; (6) the best interests of the person; and (7) any other factor relevant to the issue to be decided.  *See* Tex. Fam. Code Ann. § 54.11(k) (West Supp. 2007).

was passed and became effective on June 8, 2007. Providing for the referral of violent juvenile offenders for transfer to the TDCJ, before it was amended, section 61.079(a) provided in relevant part:

(a)     After a child sentenced to commitment under Section 54.04(d)(3), 54.04(m), or 54.05(f), Family Code, becomes 16 years of age *but before the child becomes 21 years of age*, the commission may refer the child to the juvenile court that entered the order of commitment for approval of the child's transfer to the institutional division of the Texas Department of Criminal Justice if:

    (1)     the child has not completed the sentence; and

    (2)     the child's conduct, regardless of whether the child was released under supervision under Section 61.081, indicates that the welfare of the community requires the transfer . . . .

Former HR Code § 61.079(a) (emphasis added). Effective June 8, 2007, section 61.079(a) was amended to require the Commission to make a transfer referral to the juvenile court "before the child becomes *19 years of age*." *See* SB 103, 2007 Tex. Gen. Laws at 446-47 (emphasis added).

Section 61.084(g) was also amended by SB 103 in 2007. Prior to its amendment, section 61.084(g) provided:

The commission shall transfer a person who has been sentenced under a determinate sentence to commitment under Section 54.04(d)(3), 54.04(m), or 54.05(f), Family Code, or who has been returned to the commission under Section 54.11(i)(1), Family Code, to the custody of the pardons and paroles division of the Texas Department of Criminal Justice on the person's *21st birthday*, if the person has not already been discharged or transferred, to serve the remainder of the person's sentence on parole as provided by Section 508.156, Government Code.

8

Former HR Code § 61.084(g) (emphasis added). As with section 61.079(a), section 61.084(g) was amended to change "21st birthday" to "19th birthday." *See* SB 103, 2007 Tex. Gen. Laws at 449.

As reflected in a December 2007 report prepared at the direction of the Commission's acting executive director, Dimitria Pope, the parties agree that one purpose of SB 103 was to reduce the population of youth in the TYC. *See* Tex. Youth Comm'n, *State Leaders, Legislators, Parents, Employees, and Communities are Making a Difference at the Texas Youth Commission: A Report on the Progress & Impact of Senate Bill 103*, at 4 (Dec. 1 2007). The report also addressed the effect the change in age would have on the institution population. *Id.* at 8-10. Youths who committed a misdemeanor were no longer to be eligible for placement in the TYC. *Id.* at 6, 10. As to the effect of the age change on its population, the report stated:

> [Y]outh who are 19 years of age or older who committed their offense prior to the effective date of the law change *and who have also completed their minimum length of stay* may be eligible for release consideration from the TYC.

*Id.* at 10 (emphasis added). Later in the report when it expressly addressed offenders serving a determinate sentence and the effect of the reduction of eligibility age for confinement at TYC, the report concluded:

> With the passage of the bill on June 8, 2007, an unintended consequence was that there were 159 sentenced youth confined in TYC that appeared to be eligible for immediate release. However, in reviewing the case files of these youth, many had not reached their minimum period of confinement.

*Id.* at 23.

9

*Jurisdiction*

Appellant urges that he "should never have been the subject of a transfer hearing" and that section 61.084 required a mandatory transfer to the TDCJ on parole for any child in the custody of the TYC who was under a determinate sentence and over the age of nineteen. Appellant fails to acknowledge the jurisdictional provision in juvenile cases that gives the juvenile court "exclusive original jurisdiction over proceedings under this title." *See* Tex. Fam. Code Ann. § 51.04(a).

In construing a statute, our primary objective is to give effect to the legislature's intent. *City of San Antonio*, 111 S.W.3d at 25. We are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended. *Williams v. State*, Nos. PD-1948-06, 1949-06, & 1950-06, 2008 Tex. Crim. App. LEXIS 639, at *11 (Tex. Crim. App. May 14, 2008) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). "Whether or not the statute is considered ambiguous on its face," we may consider the "object sought to be obtained," the "circumstances under which the statute was enacted," the "legislative history," and the "consequences of a particular construction." Tex. Gov't Code Ann. § 311.023(1)-(3), (5) (West 2005). We presume that "a just and reasonable result is intended," and the "public interest is favored over any private interest." *Id.* § 311.021(3), (5) (West 2005). Against this background, we must determine whether the legislature in SB 103 sought to divest the juvenile court of jurisdiction when the juvenile turned nineteen and require a mandatory transfer of individuals still in the custody of the TYC who had reached the age of nineteen under the amended statute.

We conclude that the juvenile court retained jurisdiction of juveniles committed to the custody of the TYC under chapter 51 of the family code. The family code squarely addresses the jurisdiction of the juvenile court in sections 51.04 and 51.0411. *See* Tex. Fam. Code Ann. §§ 51.04, .0411. Section 51.04(a) provides for the juvenile court to exercise jurisdiction over juvenile cases as follows:

> (a)     This title covers the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time the person engaged in the conduct, and, . . . the juvenile court has exclusive original jurisdiction over proceedings under this title.

*Id.* § 51.04(a). Section 51.0411 then speaks to the court's retention of jurisdiction in transfer proceedings:

> The court retains jurisdiction over a person, *without regard to the age of the person*, who is referred to the court under Section 54.11 for transfer to the Texas Department of Criminal Justice or release under supervision.

*Id.* § 51.0411 (emphasis added). Section 51.0411 makes clear that the court had jurisdiction over T.G. for purposes of the transfer hearing, even though he turned nineteen years of age before the referral occurred.

Other related provisions provide for the retention of jurisdiction by the juvenile court "without regard to the age of the person." *See, e.g.*, Tex. Fam. Code Ann. §§ 51.041, .0412 (West Supp. 2007). For example, section 51.041 provides for the court to retain jurisdiction if the court's order "is reversed or modified and the case remanded to the court by the appellate court."

11

*Id.* § 51.041. Likewise, section 51.0412 provides for the court to retain jurisdiction if the adjudication or disposition proceeding or proceeding to modify disposition was not completed as long as the petition, motion to modify, or motion for transfer was filed while the juvenile was younger than eighteen years of age and the prosecutor exercised due diligence in an attempt to complete the proceedings. *Id.* § 51.0412. Each of these provisions applies "without regard to the age of the person." *Id.* §§ 51.041, .0412. We find it significant that SB 103 did not amend any of these jurisdictional provisions. *See* SB 103, 2007 Tex. Gen. Laws at 424-27 (providing for amendments to the family code).

We thus conclude that SB 103 did not alter the juvenile court's jurisdiction over transfer proceedings because it did not address these provisions. Even after the passage of SB 103, the juvenile court's jurisdiction in transfer proceedings remains governed by chapter 51 of the family code. *See* Tex. Fam. Code Ann. § 51.0411.

### Do the Provisions of Senate Bill 103 Apply Retrospectively?

T.G. contends that, because the provisions of SB 103 are to be immediately effective, he must either be discharged or transferred to the TDCJ to serve the remainder of his sentence on parole. *See* SB 103, § 53, 2007 Tex. Gen. Laws at 449 (amending human resources code section 61.084(g)); Tex. Gov't Code Ann. § 508.156 (West Supp. 2007). He contends that the TYC's referral request is governed by the new versions of sections 61.079(a) and 61.084(g) rather than by the versions in existence when his determinate sentence was initially imposed. We disagree.

12

"A statute is presumed to be prospective in its operation unless expressly made retrospective." Tex. Gov't Code Ann. § 311.022 (West 2005); *see also* Tex. Const. art. I, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."). Statutes are only applied retroactively if the statutory language provides that the legislature intended that the statute be retroactive. *Merchants Fast Motor Lines, Inc. v. Railroad Comm'n*, 573 S.W.2d 502, 504 (Tex. 1978); *State v. Humble Oil & Ref. Co.*, 169 S.W.2d 707, 708-09 (Tex. 1943).

In addition to the constitution and the general presumption that statutes apply only prospectively, we are informed by the plain language of SB 103. Certain provisions of SB 103 specify that it applies only prospectively. *See, e.g.*, SB 103, § 67, 2007 Tex. Gen. Laws at 455. Section 67, relating to family code section 54.052 (credit for time spent in detention facility for child with determinate sentence) and human resources code section 61.0841(c) (determinate sentence parole), specifies that the changes in those sections "appl[y] only to conduct for which a child is adjudicated on or after the effective date of this Act." *See id.* Thus, family code section 54.052 and the addition of the language in section 61.0841(c) that the TDCJ "shall grant credit for sentence time served by a person at the commission and in a juvenile detention facility, as recorded by the commission . . . in computing the person's eligibility for parole and discharge from the department" are to be applied only prospectively. *See id.* Section 67 further provides:

> A child who is adjudicated on or after the effective date of this Act is governed by the law in effect when the child was adjudicated, and the former law is continued in effect for that purpose.

13

*Id.*

Likewise, the legislature expressly made one provision of SB 103 retrospective. Section 65 provides:

> A person committed to the Texas Youth Commission on the basis of conduct constituting the commission of an offense of the grade of misdemeanor under Subdivision (2), Subsection (d), Section 54.05, Family Code, as it existed before the effective date of this Act, *must be discharged from the custody of the Texas Youth Commission not later than the person's 19th birthday*.

*Id.*, § 65, 2007 Tex. Gen. Laws at 455 (emphasis added). That the legislature knew how to make a provision retrospective is clear. It is equally clear that the legislature sought only to effect an immediate discharge from the TYC for those persons who had committed a misdemeanor. It necessarily follows that the legislature did not intend to discharge or release to parole a person such as T.G. who had committed a felony and had received a determinate sentence.[7] We conclude that the legislature intended for the amendments to human resources code sections 61.079 and 61.084 to operate only prospectively.

---

[7] To the extent T.G. argues that the legislature intended for all of SB 103 to apply retrospectively merely because the legislature made one provision in SB 103 apply retrospectively, *see* SB 103, § 65, 2007 Tex. Gen. Laws at 455, we reject that argument. Nowhere in SB 103 did the legislature expressly provide that the amendments to human resources code sections 61.079 and 61.084 apply retrospectively. *See In re M.C.C.*, 187 S.W.3d 383, 384-85 (Tex. 2006) (following general rule that statute is to be applied retrospectively only if statutory language demonstrates legislative intent to do so); *Ex parte Mangrum*, 564 S.W.2d 751, 758 (Tex. Crim. App. 1978) (general rule of prospective application applies in the absence of express statement to the contrary by the legislature).

## CONCLUSION

We overrule T.G.'s issues and affirm the trial court's order of disposition.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   June 19, 2008

15