Opinion filed July 14, 2011



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00357-CV

_____

## IN THE MATTER OF V.M.S., A JUVENILE

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. 437**

## MEMORANDUM OPINION

In 2006, the trial court found that V.M.S. had engaged in two counts of delinquent conduct: aggravated sexual assault of a person who was at least sixty-five years old. A jury then determined the appropriate disposition, and the trial court entered an order of disposition in accordance with the jury's determination: sentencing V.M.S. to the Texas Youth Commission for a determinate period of forty years. In 2010, TYC requested that the trial court conduct a hearing pursuant to TEX. FAM. CODE ANN. § 54.11 (Vernon Supp. 2010) to determine whether V.M.S. should be transferred to the Texas Department of Criminal Justice. The trial court conducted a release or transfer hearing complying with Section 54.11 and ordered that V.M.S. be transferred to TDCJ to serve the remainder of his sentence. V.M.S. appeals the transfer order. We affirm.

On appeal, V.M.S. presents two issues. In the first issue, he contends that fundamental error occurred because the evidence at the hearing consisted primarily of documentary hearsay,

denying him the right to confront the witnesses against him as guaranteed by the Sixth Amendment. In the second issue, V.M.S. asserts that fundamental error occurred because there was no charging instrument informing him of the allegations.

At a release or transfer hearing like the one conducted in this case, the court may consider written reports from probation officers, professional court employees, professional consultants, or employees of TYC. Section 54.11(d). This type of hearing is not a trial and is not part of a criminal prosecution. *In re S.M.*, 207 S.W.3d 421, 425 (Tex. App.—Fort Worth 2006, pet. denied); *In re D.L.*, 198 S.W.3d 228, 230 (Tex. App.—San Antonio 2006, pet. denied); *In re D.S.*, 921 S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ dism'd w.o.j.). It is a "second chance hearing" conducted after a juvenile has already been sentenced to a determinate number of years, and it gives the juvenile a second chance to persuade the court that he should not be imprisoned. *In re D.L.*, 198 S.W.3d at 230; *In re D.S.*, 921 S.W.2d at 387.

The Sixth Amendment guarantees that the accused in "all criminal prosecutions" shall have the right to be confronted with the witnesses against him and to be informed of the nature and cause of the accusation. U.S. CONST. amend. VI. A hearing conducted pursuant to Section 54.11 is not a criminal prosecution; therefore, the Sixth Amendment guarantees do not apply. *In re F.D.*, 245 S.W.3d 110, 113 (Tex. App.—Dallas 2008, no pet.); *In re S.M.*, 207 S.W.3d at 425; *In re D.L.*, 198 S.W.3d at 230. Furthermore, V.M.S.'s rights were not violated by the lack of a formal pleading or charging instrument. *In re D.L.*, 198 S.W.3d at 230-31. Contrary to the assertions made by V.M.S., a hearing conducted pursuant to Section 54.11 is not a second prosecution for the same offense and does not implicate double jeopardy.

Neither the lack of a formal charging instrument nor the introduction of the documentary evidence constituted fundamental error. Both of V.M.S.'s issues are overruled.

The order of the trial court is affirmed.

PER CURIAM

July 14, 2011

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.