Opinion filed July 14,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00357-CV 

                                                    __________

 

                         IN THE MATTER OF V.M.S., A JUVENILE



 

                                   On
Appeal from the 220th District Court

                                                        Comanche
County, Texas

                                                        Trial
Court Cause No. 437

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            In
2006, the trial court found that V.M.S. had engaged in two counts of delinquent
conduct:  aggravated sexual assault of a person who was at least sixty-five
years old.  A jury then determined the appropriate disposition, and the trial
court entered an order of disposition in accordance with the jury’s
determination:  sentencing V.M.S. to the Texas Youth Commission for a
determinate period of forty years.  In 2010, TYC requested that the trial court
conduct a hearing pursuant to Tex. Fam.
Code Ann. § 54.11 (Vernon Supp. 2010) to determine whether V.M.S. should
be transferred to the Texas Department of Criminal Justice.  The trial court
conducted a release or transfer hearing complying with Section 54.11 and
ordered that V.M.S. be transferred to TDCJ to serve the remainder of his
sentence.  V.M.S. appeals the transfer order.  We affirm.  

On
appeal, V.M.S. presents two issues.  In the first issue, he contends that
fundamental error occurred because the evidence at the hearing consisted
primarily of documentary hearsay, denying him the right to confront the
witnesses against him as guaranteed by the Sixth Amendment.  In the second
issue, V.M.S. asserts that fundamental error occurred because there was no
charging instrument informing him of the allegations.  

At
a release or transfer hearing like the one conducted in this case, the court
may consider written reports from probation officers, professional court
employees, professional consultants, or employees of TYC.  Section 54.11(d).  This
type of hearing is not a trial and is not part of a criminal prosecution.  In
re S.M., 207 S.W.3d 421, 425 (Tex. App.—Fort Worth 2006, pet. denied); In
re D.L., 198 S.W.3d 228, 230 (Tex. App.—San Antonio 2006, pet. denied); In
re D.S., 921 S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ dism’d
w.o.j.).  It is a “second chance hearing” conducted after a juvenile has
already been sentenced to a determinate number of years, and it gives the
juvenile a second chance to persuade the court that he should not be
imprisoned.  In re D.L., 198 S.W.3d at 230; In re D.S., 921
S.W.2d at 387.  

The
Sixth Amendment guarantees that the accused in “all criminal prosecutions”
shall have the right to be confronted with the witnesses against him and to be
informed of the nature and cause of the accusation.  U.S. Const. amend. VI.  A hearing conducted pursuant to
Section 54.11 is not a criminal prosecution; therefore, the Sixth
Amendment guarantees do not apply.  In re F.D., 245 S.W.3d 110, 113
(Tex. App.—Dallas 2008, no pet.); In re S.M., 207 S.W.3d at 425; In
re D.L., 198 S.W.3d at 230.  Furthermore, V.M.S.’s rights were not violated
by the lack of a formal pleading or charging instrument.  In re D.L.,
198 S.W.3d at 230-31.  Contrary to the assertions made by V.M.S., a hearing
conducted pursuant to Section 54.11 is not a second prosecution for the same
offense and does not implicate double jeopardy.  

Neither
the lack of a formal charging instrument nor the introduction of the
documentary evidence constituted fundamental error.  Both of V.M.S.’s issues
are overruled.  

            The order
of the trial court is affirmed.  

 

                                                                                                PER
CURIAM

July 14, 2011

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.