

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00467-CV
_____

IN THE MATTER OF R.D.C., A CHILD

On Appeal from the 98th District Court
Travis County, Texas
Trial Court No. JV-29,697; Honorable Darlene Byrne, Presiding

July 31, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, R.D.C., a juvenile, appeals from the trial court's *Order of Transfer to the Institutional Division of the Texas Department of Criminal Justice.*[1] By a sole issue, he alleges the trial court abused its discretion in ordering him transferred to the Institutional Division of the Texas Department of Criminal Justice. We affirm.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. TEX. R. APP. P. 41.3.

**BACKGROUND**

In September 2011, Appellant was adjudicated to have engaged in delinquent conduct, namely, aggravated robbery. A disposition hearing was held and he was committed to the Texas Youth Commission (now Texas Juvenile Justice Department (TJJD))[2] with a determinate sentence of twenty years and a possible transfer to the Texas Department of Criminal Justice (TDCJ).

In February 2012, Appellant brutally attacked a staff member and was charged with aggravated assault on a public servant, a first degree felony.[3] Based on Appellant's conduct and the community's welfare, in April 2012, TJJD referred Appellant to the trial court for a transfer hearing to determine if he should be transferred to TDCJ. Prior to the transfer hearing, on May 17, 2012, pursuant to a plea agreement in the aggravated assault charge, Appellant was certified as an adult, pleaded guilty, was sentenced to seven years confinement and moved to a TDCJ unit to begin serving his sentence.

While Appellant was serving his seven year sentence in TDCJ, the transfer hearing for his determinate sentence commenced in August 2012. The State presented testimony and evidence of Appellant's history of delinquent conduct which resulted in the trial court ruling that Appellant be transferred to TDCJ to serve the remainder of his original twenty-year determinate sentence.

---

[2] *See* Act of May 5, 2011, 82nd Leg., R.S., ch. 85, § 4.001(b), 2011 Tex. Gen. Laws 366, 441.

[3] TEX. PENAL CODE ANN. § 22.02(b) (West 2011).

**REFERRAL OF DETERMINATE SENTENCE OFFENDERS FOR TRANSFER**

After a juvenile with a determinate sentence reaches age sixteen, but before reaching age nineteen, TJJD may request an order approving the transfer of the juvenile to TDCJ if the sentence has not been completed and the juvenile's conduct poses a continuing risk to the community's welfare. *See* TEX. HUM. RES. CODE ANN. § 244.014(a) (West Supp. 2013). *See also In re N.K.M.*, 387 S.W.3d 859, 864 (Tex. App.—San Antonio 2012, no pet.).

On receipt of a referral under section 244.014(a), the juvenile court must conduct a hearing to determine whether the juvenile is to be transferred to TDCJ for completion of his sentence or be returned to TJJD with or without approval for release. *See* TEX. FAM. CODE ANN. § 54.11(a), (i) (West 2014). In making its determination, the court may consider the experiences and character of the person before and after commitment to TJJD, the nature of the penal offense committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of TJJD, county juvenile board, local juvenile probation department, and prosecuting attorney, the best interest of the person, and any other factor relevant to the issue to be decided. *Id.* at (k). The factors are not an exclusive list and the court can assign differing weights to factors considered. *See In re C.L.*, 874 S.W.2d 880, 886 (Tex. App.—Austin 1994, no writ). *See also In re N.K.M.*, 387 S.W.3d at 864 .

## STANDARD OF REVIEW

This Court reviews a juvenile court's decision to transfer a juvenile to TDCJ for abuse of discretion. *In re J.J.*, 276 S.W.3d 171, 178 (Tex. App.—Austin 2008, pet. denied). We review the entire record to determine whether the trial court acted without reference to any guiding rules or principles of law. *Id.* A transfer order will be reversed only if the trial court acted in an unreasonable and arbitrary manner. If some evidence exists to support the juvenile court's decision, there is no abuse of discretion. *In re D.L.*, 198 S.W.3d 228, 229 (Tex. App.—San Antonio 2006, pet. denied).

Appellant asserts the trial court abused its discretion in ordering his transfer to TDCJ because his conduct was beyond his control due to brain damage and transfer to TDCJ was not in his best interest. We disagree.

## ANALYSIS

Appellant was born in 1995 and was seventeen years old at the time of the transfer hearing. Appellant was evaluated by a psychologist for purposes of the transfer hearing. The psychologist's testimony was based on his evaluation and evaluations of other doctors who had previously treated Appellant. According to the reports, when Appellant was younger, he suffered from meningitis which left him brain damaged and made it difficult to control his aggressive behavior. Test results showed poor executive function, limited cognitive flexibility and impulsivity, poor labeling of emotions and assaultive behavior.

4

According to the psychologist, Appellant is at a very high risk of future assaultive behavior and presents a danger to the community. Rehabilitation would prove difficult but Appellant could possibly benefit from treatment if he would commit to rehabilitative programs. There was hope he could do better "if he was significantly engaged in bettering himself."

The psychologist added that Appellant was resistant to correctional therapy. He has the cognitive ability to speak, communicate and understand. Ultimately, the psychologist's diagnosis was that Appellant suffers from a disorder which, in an adult, would be labeled as anti-social. He opined Appellant would not function on parole or in a less controlled environment. His recommendation was that Appellant be transferred to TDCJ for the protection and safety of the community.

Appellant was originally confined to TJJD for aggravated assault with a deadly weapon. He engaged in violent conduct by pointing a gun at his victims. In February 2012, he and another juvenile instigated a disruption in their dormitory when they sat atop a concrete wall and refused to come down and turn in for the night. Security had been called to a fight in another dorm, and a staff member of the facility attempted to defuse the situation with Appellant. Appellant and his cohort were cussing and encouraging other youths to participate in the disruption. The staff member testified he was blocking a doorway and trying to keep the situation under control. Despite being reminded of the rules, Appellant approached and threatened the staff member as he slapped his arm down. The staff member gave a warning and attempted to position himself to employ a defensive maneuver. Appellant threw a punch which caused them both to fall to the ground, and a melee ensued. The staff member was severely beaten

5

and in addition to other injuries, he suffered an orbital socket blowout in his left eye that required surgery and affected his vision.

The TJJD court liaison prepared a report of the incident involving the staff member. He testified that Appellant had over sixty documented incidents of misconduct at TJJD, some of which included aggressive behavior. He explained that TJJD requested a transfer hearing because of Appellant's violent conduct and failure to respond to treatment. His recommendation to the trial court was that Appellant be transferred to TDCJ for the remainder of his twenty-year determinate sentence. No evidence was presented of any redeeming behavior by Appellant.

In announcing its ruling to transfer Appellant to TDCJ, the trial court expressed regret and bore some responsibility for the staff member's injuries for not deciding a year earlier to transfer Appellant to the adult system. On the record before us, we find there is "some evidence" demonstrating the trial court's decision was not an abuse of discretion. *See In re J.J.*, 276 S.W.3d at 180. *See also In re J.A.*, No. 03-11-00259-CV, 2012 Tex. App. LEXIS 5433, at *8-9 (Tex. App.—Austin July 3, 2012, no pet.). Appellant's sole issue is overruled.

## CONCLUSION

Accordingly, the trial court's order transferring Appellant to the Texas Department of Criminal Justice is affirmed.

Patrick A. Pirtle
Justice

6