

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00054-CV

IN THE MATTER OF D.V.W.

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. J-01902

Before Morriss, C.J., Moseley and Carter*, JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

D.V.W., previously adjudicated for aggravated assault, had his community supervision revoked, received a determinate sentence of three years, and was committed to the Texas Juvenile Justice Department (TJJD) February 5, 2013. Because D.V.W. will not complete the statutory minimum period of confinement for his offenses before turning eighteen years of age, a hearing was conducted to determine whether he should be released on parole or finish serving his sentence as an adult. More formally, the trial court's choice was between supervision by the Texas Department of Criminal Justice–Parole Division (Parole Division) or custody in the Texas Department of Criminal Justice–Institutions Division (Institutions Division).[1] After the hearing, the trial court ordered D.V.W. transferred to the Institutions Division.

On appeal, D.V.W. contends that the trial court abused its discretion in transferring him to the Institutions Division rather than the Parole Division. Because evidence supports the trial court's order of transfer, we affirm.

D.V.W. argues that the record establishes that he should have been placed on parole with conditions.

We review for an abuse of discretion a trial court's decision to transfer a juvenile from the TJJD to the TDCJ. *In re D.L.*, 198 S.W.3d 228, 229 (Tex. App.—San Antonio 2006, pet. denied); *In re J.L.C.*, 160 S.W.3d 312, 313 (Tex. App.—Dallas 2005, no pet.). In determining whether the trial court abused its discretion, we review the entire record to determine if the trial court acted without reference to any guiding principles or rules. *D.L.*, 198 S.W.3d at 229; *J.L.C.*,

---

[1]*See* TEX. FAM. CODE ANN. § 54.11 (West 2014); TEX. RES. CODE ANN. § 244.014 (West Supp. 2014), § 245.051 (West 2013).

160 S.W.3d at 313. We do not substitute our opinion for the trial court's discretion and reverse only if the trial court acted in an unreasonable or arbitrary manner. *In re T.D.H.*, 971 S.W.2d 606, 610 (Tex. App.—Dallas 1998, no pet.).

Section 54.11 of the Texas Family Code governs release or transfer proceedings involving juveniles. *See* TEX. FAM. CODE ANN. § 54.11. In determining whether the youthful offender should be released on parole or transferred to the Institutions Division, the trial court may consider

> the experiences and character of the person before and after commitment to the [TJJD] or post-adjudication secure correctional facility, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the [TJJD], county juvenile board, local juvenile probation department, and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

TEX. FAM. CODE ANN. § 54.11(k). Evidence of each factor is not required, and the trial court need not consider every factor in making its decision. *In re R.G.*, 994 S.W.2d 309, 312 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). In making its determination, "the court may consider written reports from probation officers, professional court employees, professional consultants, or employees of the [TJJD], in addition to the testimony of witnesses." TEX. FAM. CODE ANN. § 54.11(d); *In re F.D.*, 245 S.W.3d 110, 113 (Tex. App.—Dallas 2008, no pet.). At the conclusion of the hearing, the trial court may order the person back to the TJJD, released

3

under parole supervision, or order the person transferred to the Institutions Division for the completion of his sentence.[2] TEX. FAM. CODE. ANN. § 54.11(i), (j).

At the hearing, Leonard Cucolo, court liason for the TJJD, testified for the State, and Cucolo's report was admitted into evidence. Cucolo testified that D.V.W. does not have any mental health issues that would interfere with his ability to fully participate in the TJJD program. According to Cucolo, D.V.W. has all the abilities needed to succeed. D.V.W. completed the required alcohol and drug treatment programs. D.V.W., however, was unable to complete the "Serious Violent Offender Treatment Program" because he was removed from the group due to poor behavior and poor participation. Cucolo noted, "[T]o be fair[,] . . . once he was removed there was little time for him to be able to reenter the group, because it's a closed group, and another group wouldn't have started. And even if it did start, he wouldn't have enough time to complete it."

Cucolo's report includes an evaluation of D.V.W. by Dewayne K. Jones, M.A., a psychologist. In the report, Jones stated that D.V.W.'s profile indicates that he has "an increased probably of delinquent, externalizing, and aggressive behaviors," but, ultimately, Jones recommended that D.V.W. be released to parole rather than Institutions Division.[3] D.V.W.

---

[2]The transfer hearing is a "second chance hearing" after a child, such as D.V.W., has already been sentenced to a determinate number of years. *See F.D.*, 245 S.W.2d at 113. It is not part of the guilt/innocence determination and need not meet the extensive due process requirements of an actual trial. *Id.* (juvenile has no right of confrontation at transfer hearing because it is dispositional rather than adjudicative in nature); *In re D.S.*, 921 S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ dism'd w.o.j.).

[3]Jones noted that, if D.V.W. were transferred to the Institutions Division, "he would be exposed to individuals who would likely reinforce his tendency to use thinking errors to justify criminal behavior but more importantly he would not likely receive any time on parole to supervise his transition to the community."

performed "exceptionally well" academically while at the TJJD, has a high school diploma, completed college-level classes, and obtained two vocational certifications.

Cucolo also testified that D.V.W. had serious behavioral issues. He had fifty-three documented incidents of misconduct, for which he was "placed in the security unit on 24 occasions."[4] The report noted that seven of the incidents were for horseplay, four were for threatening others, two were for assault, and one was for fighting. Cucolo was concerned because, despite being in the program for fourteen or fifteen months, D.V.W. consistently had behavioral problems and made poor decisions, but his behavior began to improve the month before the hearing. D.V.W. was "still struggling with maintaining good, stable behavior while he was still confined," and that made Cucolo question D.V.W.'s ability to "make it on parole." However, based on an objective review of D.V.W.'s case, every member of the special services committee, the body making the TJJD's recommendation, agreed that D.V.W. should be released on parole because "his risk factors can be managed in the community."

Ultimately, the trial court ordered D.V.W. transferred to the TDCJ-ID to continue serving his sentence. There is evidence in the record to support the court's decision: (a) D.V.W. continued to have behavioral problems while in TJJD's custody; (b) the prosecuting attorney recommended transfer to TDCJ-ID; and (c) the underlying offense was violent. *See* TEX. FAM. CODE ANN. § 54.11(k). As there is "some evidence" in the record to support the trial court's decision, there is no abuse of discretion. *See D.L.*, 198 S.W.3d at 229. Accordingly, we overrule this point of error.

---

[4]The report noted that one incident was "a self-referral and not considered behavioral in nature."

We affirm the trial court's order transferring D.V.W. to the TDCJ-ID.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:      January 8, 2015
Date Decided:        January 14, 2015